THE CITY COUNCIL OF WAYCROSS v. YOUMANS.

1. Upon orders made pending the cause, and neither excepted to *pendente lite* nor brought under examination at the hearing by motion to modify or set them aside, error cannot be assigned in a bill of exceptions to the final judgment, the bill of exceptions being sued out more than thirty days after such interlocutory orders were passed.

2. Where, in executing a power conferred by the city charter upon a majority of the city council to order an election for mayor " by giving at least ten days' notice in any one or more of the city papers," an attempt was made to give the requisite notice in two papers, but it was given in only one, the power was well executed, and there was no sufficient reason for postponing the election or revoking the order for holding it at the time specified and appointing a different time. An election held pursuant to the charter and the published notice was valid, and the person elected was entitled to the office.

July 12, 1890.

*Quo warranto*. Practice. Municipal corporations. Notice. Elections. Before Judge ATKINSON. Ware county. At chambers, April 12, 1890.

Reported in the decision.

J. L. SWEAT, by brief, for plaintiff in error.

L. A. WILSON and J. C. McDONALD, by HARRISON & PEEPLES, *contra*.

BLECKLEY, Chief Justice.

1. The bill of exceptions was certified on the 21st of April, 1890. Besides assigning error on the final decision, which was rendered on the 12th of April, it excepts to and assigns error upon two previous orders granted in the cause, one of them passed on the 1st, and the other on the 5th of March, 1890. It was certainly too late to except to these orders for the first time on the 21st of April, no motion to vacate or modify them, so far as appears, having been made or ruled upon at the final hearing of the case, or at any time within ten (Code, §3206), twenty (Code, §3213), or even thirty

(Code, §4252) days previously to tendering the bill of exceptions. To make effectual any attempt to review these interlocutory orders, a motion to set them aside should have been made at the hearing, or they should have been attacked beforehand by exceptions entered *pendente lite* in due time and manner. This disposes of them.

2. So much of the charter of Waycross as is necessary to quote on the main question involved in this case is a single sentence, found in the 4th section (Acts of 1889, p. 899); which is as follows : "And in the event that the office of said mayor, or of either of said aldermen, shall become vacant by death, resignation, removal or otherwise, a majority of the council shall order a new election, by giving at least ten days' notice in any one or more of the city papers, or at two or more of the most public places in the said city." Here the office of mayor did become vacant; a majority of the council did order a new election by giving at least ten days' notice in one of the city papers, and an election was actually held accordingly. The opinion of Judge ATKINSON, which we find in the record, is so full and satisfactory upon the effect of this election, that we adopt it as our own.. It reads as follows:

"The mayor of Waycross, elected for the year 1890, having died, in order to fill the vacancy caused by his death, the town council, under the charter of the city, ordered an election to be held at a certain time after publication of the notice for such election in the newspapers published in said city. The day named for the election to be held was the 20th day of February, 1890. In one of the city papers that notice was properly published for the requisite number of days. In the other it was published for eight days only, and then was made to read, by reason of a typographical error, "the 20th day of February, 1809." Observing this error in the

publication, the town council, upon the day before the election, revoked the order for the election; but notwithstanding the revocation of the order, an election was held, which resulted in the election of the petitioner in this case. Between the time of calling the election and the order revoking the call for the election, two of the members of council filed with the clerk of the council their resignation as members of the town council, but up to the time of the revocation of the order, such resignations had not been accepted, nor had the successors of such members of council been elected and qualified. Without the vote of these two aldermen, the order revoking the call for the election could not have been carried. The petitioner insists, first, that those members of council having filed their resignations, they were no longer members of the town council, had no right to exercise any of the functions of the office of aldermen, and that the order passed by council while they were acting as councilmen was void and did not operate to postpone the election that had been previously ordered; second, that even if they were legally acting as aldermen, the council had no right, after having once fixed a day for the election, to rescind its order and postpone to another date the holding of the election. The court is of the opinion, with regard to the first point, that those members of council having been elected to fill their respective offices for a period of time fixed by law, and the law* of this State providing that they shall hold over until their successors were elected and qualified, the mere tender of the resignations of their offices could not operate to create a vacancy therein until after the same had been accepted and their successors had been elected and qualified. They had a right, until such time, to discharge the duties of their respective offices, and it was their duty to have done so. Had any matter arisen in the mean-

*NOTE by C. J.—The city charter so provides in the 4th section.

time which required in the deliberations of council a full attendance of all the members of council, and these members had refused to discharge the duties imposed upon them by their offices, *mandamus* would have compelled them to act.

"As to the second point made in this record, it appears from an inspection of the charter of the city of Waycross that in the event the office of mayor of the said city should become vacant by death, resignation, removal or otherwise, a majority of the council shall order a new election by giving at least ten days' notice in any one or more of the city papers, or at two or more of the most public places in said city. This charter provision contemplates the ordering of one election, and there is no provision of the charter which either expressly or by reasonable implication empowers the mayor and council to postpone an election once ordered. If, in the exercise of this power, they ordered an election, and the order authorizing the election was published in accordance with the charter, there is no reason why the mayor and council should be empowered to postpone it. By the terms of the charter, they may order an election. If the order calling for the election was void, or if the election were ordered to be held on an impossible day, or if it were ordered to be held on Sunday, or by reason of a failure to give proper notice the call for the election were absolutely void, then the city council, under the charter power, would have no right to postpone that election, but in the exercise of that charter power they could, and it would be their duty to order an election. To hold that the mayor and council would have the right to postpone an election once ordered, is to adjudge the principle correct, and so extend by construction their charter power, that by successive postponements it would be in their power indefinitely to defeat an election of a new mayor, or

new aldermen, as the case may be. If they refuse to order an election at all, by writ of *mandamus* they can be compelled to order one. If they had the power to postpone an election once ordered as they saw fit, there would be no means of controlling that discretion, and no election could be held. Elections are required by the general law to be held at fixed times and places. These times and places cannot be changed except by direct legislative authority. So this municipal election is to be held at a time certain, this time to be fixed by the order of* the mayor and council, and once fixed by them as to time, the same stands as though that had been the time fixed by the charter itself. They exercise a discretion in the first place in naming the time when this election shall be held, but having acted once and made a valid order, a mere irregularity in the publication will not vitiate the election. The election having been held in accordance with the order, and it being shown by the preponderance of the testimony in the case that the petitioner received a majority of the votes cast; and it appearing that, when compared with elections previously held, the vote in this was very nearly as large as in other elections, it is reasonable to assume that at this election there was a fair expression of the popular will as to who should be mayor of the city of Waycross. These considerations lead us to the conclusion that the title to this office is in the petitioner."

It will be seen that whether the resignations of the two members of council took effect or not without acceptance, the result would be the same in this case. Therefore, so much of the opinion as relates to that topic may stand over for future consideration if a case should hereafter arise in which a positive decision may be found necessary. The ruling of Judge Atkinson,

---

*A majority of the council. See above.

however, seems on a casual examination to be in line with the main current of authority. 1 Dillon Mun. Cor. (3d ed.) §224; Mechem's Pub. Off. & Offrs. §414. We fully concur in his decision on the main question.

*Judgment affirmed.*