Van Pelt *v.* The Home Building and Loan Asso-
ciation.

1. A judgment overruling exceptions to an auditor's report, and not
   excepted to *pendente lite*, or otherwise, within sixty days after its
   rendition, is not open to review and reversal by the Supreme
   Court.
2. Where a building and loan association sells out and assigns in
   writing all its claims for unpaid loans, thereby realizing a fund
   sufficient to raise the value of its stock to the maximum fixed by
   the constitution or the by-laws, and with this fund, in connection
   with other assets, pays off and satisfies all its stockholders, and
   entirely ceases to transact business, it is virtually dissolved, and is
   incapable of further prosecuting a pending action founded upon a
   bond so transferred and assigned after the action was brought.

July 13, 1891. Argued at the last term; reargued at this term.

Practice. Building and Loan Associations. Corpo-
rations. Before Judge Marshall J. Clarke. Fulton
superior court. March term, 1890.

After the decision in this case as reported in 79 *Ga.*
439, the defendant amended his pleas by alleging, in
brief, that in 1888 the plaintiff wound up its business
predicated on a series of stock issued and to be deter-
mined and ended during that year, of which series the
fifteen shares held by defendant were a part;.and that
since 1882 to the end of 1888, the plaintiff had accumu-
lated a large amount of assets belonging to it for the
benefit of the stockholders in. that series, consisting of
lands and money, and defendant was entitled to his
share of the same in proportion to the amount paid in
on his stock; and he prayed for an accounting on equi-
table principles, and that the amount paid on his stock
and for interest, etc., together with his share of the as-
sets, be credited on the plaintiff's claim against him.

The case was referred to an auditor, who filed a re-
port to which the defendant excepted. On demurrer
the exceptions were dismissed and the report approved,
March 25, 1890. On the 1st of April the case came on

for trial, and the defendant amended his pleas, in substance, as follows : The nominal value of each share in the plaintiff is $200, but it fixed a minimum premium of forty per cent., which reduced the actual value of each share to $120 or $124. As an association it was to run until each share had an accumulation of $124; and on or before the 26th of November, 1888, all of the stock held by its members reached that value and was cancelled, by reason of which the life of the association expired and was dissolved, leaving no stockholders on the date named. At that time the plaintiff "declared, by vote of its stockholders at a regular meeting held for that purpose, that all of the said stock so issued had reached its ultimate value, and that all of the members of the said plaintiff, on and before the said day and year, on the stock held by each have reached its ultimate value of their stock," by reason of which and in pursuance of a section of the constitution and by-laws of the plaintiff the stock was and is cancelled, a copy of which section is as follows : "When each stockholder, for each share of stock by him or her held, shall have received the sum of two hundred dollars, or his unsatisfied obligations to that amount, his or her stock shall be cancelled : provided always, that any stockholder having obtained an advance or advances in the manner prescribed under article X shall be debited in his account with the premium thereon." By reason of which the plaintiff was dissolved, and in said dissolution it closed and wound up all the business pertaining to the series of stock and stockholders ; and as a part of the business of the plaintiff it sold and transferred in writing, on that day, the claim against defendant with others of like character, and on which this suit is instituted, to A. L. Waldo, H. C. Stockdell and Joel Hurt, without recourse, for $750, which sum with the proceeds of the sale of other claims of like character, before the

final winding up and closing out of the series of stock, was paid into the treasury of the plaintiff and by its proper officers equally distributed and paid out to each member as part of the assets of plaintiff; and in addition to the assets thus derived, the stockholders or members all received in money the full or ultimate value of their stock, for which the proper officer of plaintiff takes from each and all of said members receipts ; by reason of which all of said stock became and was cancelled.   The plaintiff since the 26th day of November, 1888, and before, has issued no other stock or series of stock, and the stock so issued, wound up and closed out was all the stock and the last that was issued by the said plaintiff, by reason of which there are now, and since the said 26th of November, 1888, no stockholders or members of plaintiff, and no officers since and none existing in plaintiff.   Wherefore defendant says the said plaintiff is dissolved, and has no legal existence and cannot appear in court by its agents or attorneys, in its own right against the defendant, or for the use of said Waldo, Stockdell and Hurt, in said claim.   These pleas were demurred to, and the demurrer was sustained. The defendant excepted to this ruling and to the dismissal of his exceptions to the auditor's report.   The judge directed a verdict in accordance with the auditor's report, on which a verdict judgment was entered, and the defendant excepted.

JOHN A. WIMPY, for plaintiff in error.

S. BARNETT, and CANDLER, THOMSON & CANDLER, contra.

BLECKLEY, Chief Justice.

1. The exceptions to the auditor's report were overruled on March 25th.   No exception was entered pendente lite.   On April 1st thereafter, the case came on for final hearing and trial, and the trial terminated on

that day in a final judgment for the plaintiff below. The bill of exceptions was certified on the 31st of May, which was within sixty days after the trial and judgment, but was more than sixty days after the exceptions to the auditor's report were overruled. The bill of exceptions was too late to reach any alleged error committed by the court in overruling the exceptions. In order to preserve the right to have that decision reviewed, it was necessary that exceptions should have been entered *pendente lite*, under section 4250 of the code. *City of Waycross* v. *Youmans*, 85 *Ga.* 708. The longest time allowed by the statute for signing a bill of exceptions is sixty days from the date of the decision complained of. Code, §4252.

2. The court erred in striking the amended pleas filed by the defendant below on the day of the trial. If the facts set forth in these pleas be true, the association was virtually dissolved pending the suit. It not only had transferred and assigned in writing the subject-matter of the present action, but had virtually gone out of existence. If it had paid off and satisfied all its stockholders and ceased to transact business, it was incapable of further prosecuting a pending action founded upon a bond which it transferred and assigned after the action was brought. It might admit of some question, indeed very considerable question under the authorities, whether it could proceed to recover on a cause of action after parting with title both legal and equitable, although it had not parted with its own legal existence as well. But we are clear that, taking the matter of these pleas as true, the association could not prosecute this action or any other.          *Judgment reversed.*