LESTER *v.* GEORGIA, CAR. & NORTHERN RAILWAY Co.

1. The case having been tried at a regular term of the superior court, when a special verdict was rendered on specific questions propounded to the jury, upon which verdict a decree was entered by the court in vacation under an order passed in term for this purpose, it was too late, in a bill of exceptions assigning error in the rendition of this decree, to also except to and assign error upon rulings made at the trial, more than sixty days before the bill of exceptions was tendered, no exceptions *pendente lite* to such rulings having been filed.   Consequently, this court has nothing before it for determination except the errors alleged to have been committed in rendering the decree, taking into view only the pleadings, the verdict, and the decree itself.

2. The plaintiff's declaration describing and designating the defendant therein by a corporate name identically the same as that borne by two railway corporations, one of which purports to have been chartered by an act of the legislature of this State, and the other deriving its existence (whether *de facto* or *de jure*) from the consolidation of the Georgia corporation with two others, one chartered by the State of North Carolina and the other by the State of South Carolina, and the consolidated company having expressly announced itself as the defendant in the action and made defence thereto, and the plaintiff having recognized and litigated with it as the proper defendant in the suit, he cannot, on a motion made by himself to enter a decree upon a special verdict found by the jury, or in resistance to a motion made by the consolidated company to enter a decree in the cause, raise any question as to the legality of the consolidation, inasmuch as that would be to deny the existence of the corporation which he has recognized by litigating with it as the sole defendant in the action.

3. A deed to a corporation conveying land " to be used by it for railroad purposes," conditioned that " if work is not commenced on said road in two years, then said property is to revert to" the grantor, the name of the grantee being that borne by the railway company formed by the consolidation of three different com-

panies, and also that previously borne by one of the companies entering into such consolidation, is presumptively a conveyance to the consolidated company and not to the original company which bore the same name, it appearing inferentially from the verdict that prior to the signing and delivery of the deed the latter company had, by reason of such consolidation, been superseded by the new company, and therefore did not in fact longer exist. This being so, the court correctly construed the deed as being conditional, not upon the commencement of work in Georgia within two years after the date of its execution, but upon the commencement of work anywhere on the line of the consolidated company's railway, and rightly held that the construction and operation of a part of the line situated in North Carolina would satisfy this condition.

4. The verdict, construed in the light of the pleadings, warranted the decree in all its provisions.

February 27, 1893.

Practice. Railroad corporation. Consolidation. Deed. Estoppel. Before Judge Hutchins. Clarke superior court. April term, 1892.

Lumpkin & Burnett, for plaintiff in error.

Erwin & Cobb and George D. Thomas, *contra*.

Lumpkin, Justice.

1. It appears from the record that this case came on to be heard in Clarke superior court on the 27th day of April, 1892, during the regular term of that court, and that a special verdict was rendered on specific questions propounded to the jury. Subsequently, but during the same term, an order was passed by the court providing that a decree might be entered in the cause in vacation, which was accordingly done on the 18th of July thereafter. The bill of exceptions, sued out on the 17th of August, assigns as error, not only the rendering of this decree, but various rulings by the court during the progress of the trial before the jury. When the case came on for a hearing in this court, counsel for defendant in error raised the point that the errors complained of as having been committed on the trial could not properly be considered, exception thereto not having

been taken within the time prescribed by law. This objection, we think, is well founded. While the date on which the verdict was rendered is not stated in the bill of exceptions, nor appears elsewhere in the record, it was conceded by counsel for the plaintiff in error that more than sixty days had elapsed after the rendition of the verdict before the bill of exceptions was tendered. Therefore, irrespective of the length of time the superior court of Clarke county may have been in session, it was, under the ruling of this court in *Van Pelt* v. *Home Building & Loan Ass'n*, 87 *Ga.* 370, too late to except to and assign as erroneous the rulings referred to, no exceptions *pendente lite* having been filed to the same.

It follows that the only questions affecting the merits of the case which this court can now consider, are those arising out of the errors alleged to have been committed in rendering the decree complained of, and in so doing, reference can be had only to the decree itself and the pleadings and verdict upon which it was based. In *Dotterer, trustee, et al.* v. *Harden*, 88 *Ga.* 145, it was held that none of the evidence adduced on the trial is requisite in reviewing the decree. In view of what has just been said, it is unnecessary to encumber this opinion with any statement or discussion of the numerous questions and points made and passed upon by the trial judge before the rendition of the verdict.

2. In the plaintiff's declaration the defendant was described and designated as "The Georgia, Carolina and Northern Railroad Company, a corporation of said State" (meaning the State of Georgia). It is manifest, beyond doubt, from the record, that the word "railroad" was inadvertently used for the word "railway," and that the plaintiff intended to declare against "The Georgia, Carolina and Northern *Railway* Company." This is apparent for the reasons, (1) that this State, while it has

incorporated a company bearing the name last mentioned, has never granted any charter to a corporation under the name of "The Georgia, Carolina and Northern *Railroad* Company"; (2) the grantee named in the deed from the plaintiff conveying the land in dispute for railroad purposes, which deed is attached to the answer of the defendant, was "The Georgia, Carolina and Northern *Railway* Company"; (3) in an amendment to his petition which the plaintiff offered but the court refused to allow (and which is now considered only for the purpose of arriving at what the plaintiff really meant by the words used in describing the defendant to his suit) the case was stated as "Lester *v.* The Georgia, Carolina and Northern *Railway* Company," and it is alleged in this offered amendment that the plaintiff executed the deed above mentioned to "The Georgia, Carolina and Northern *Railway* Company"; and (4) the bill of exceptions distinctly states that the deed was made to the company last named. It is therefore absolutely certain that the plaintiff never sought or intended to sue any company bearing the name of "The Georgia, Carolina and Northern *Railroad* Company," but did intend to sue *some* corporation bearing the name of "The Georgia, Carolina and Northern *Railway* Company."

It appears from the record that the States of North Carolina and South Carolina had each chartered a railway company under this identical corporate name, and that these two companies and the Georgia company of the same name had all (either *de facto* or *de jure*) been consolidated before the date of the plaintiff's deed into a fourth corporation, itself bearing the name of "The Georgia, Carolina and Northern Railway Company," the precise corporate name of each and all of the companies entering into the consolidation. The statement in the beginning of the second head-note, to the effect that the plaintiff's declaration described and designated the de-

fendant therein by a corporate name identically the same as that borne by a railway corporation chartered by this State and by another corporation deriving its existence from the consolidation of the Georgia and the two Carolina companies, is not literally accurate, but there can be no possible doubt that it is substantially true, and correctly states what the plaintiff meant, for he manifestly intended to declare against a corporation having in its name the word " railway" instead of the word " railroad," it being a certainty, so far as the record shows, that no " Georgia, Carolina and Northern *Railroad* Company" ever existed anywhere, and absolutely certain that the legislature of this State has never granted a charter to any railroad company under that name.   We therefore think it has been demonstrated that the name of the defendant used in the declaration would apply equally well to the company to which the legislature of Georgia granted a charter, as to the consolidated company.

It was contended in the argument that inasmuch as the declaration alleges the defendant against whom suit is brought to be *a corporation of this State*, the corporation chartered by the legislature of Georgia must necessarily have been the one intended ; but this argument is of little or no weight when it is remembered that the same descriptive words might and could have been used with equal accuracy and propriety, granting that the plaintiff deliberately intended to sue the consolidated company.   It, as well as the Georgia company, was undoubtedly, for the purposes of a suit like this, a corporation of this State.

The declaration being as already stated, The Georgia, Carolina and Northern Railway Company (consolidated), as such, came into court by its counsel, and filed a defence.   Instead of objecting to the appearance of this corporation, and moving to strike its plea on the

ground that it was not the defendant against whom he was proceeding, the plaintiff, on the contrary, recognized it as the proper and real defendant to the suit, and, as such, litigated with it to the end. These things being true, we think he is estopped, after verdict, from denying the existence of the consolidated company, or raising any question as to the legality of the manner in which the consolidation was effected. The learned counsel for the plaintiff in error who argued the case here, insisting that the plaintiff's suit was really brought against the Georgia corporation, properly conceded that he would be estopped from denying the legality of the Georgia charter, for the reason that, by suing this corporation, he had virtually admitted its legal corporate existence. The same reasoning is applicable to the question now under consideration. By accepting the consolidated company as the real defendant to the suit, when it expressly declared itself to be such defendant and filed a plea in that name and character, the plaintiff not only recognized it as the true defendant, but also recognized the legality of its existence as a consolidated company, and is estopped in the latter instance as fully and as completely as in the former.

3, 4. Under the pleadings and the verdict, the case finally turned upon the construction of the deed made by the plaintiff. As already stated, it bore date after the consolidation had taken place between the three companies above mentioned, and the grantee named therein was "The Georgia, Carolina and Northern Railway Company," the name borne by the consolidated company as well as by the Georgia company entering into the consolidation. It appears from the verdict and the recitals in the decree that the articles of consolidation had been duly filed in the office of the Secretary of State, of which fact the plaintiff had at least constructive notice, and consequently, he is presumed to

have known that the Georgia corporation, having been superseded by the consolidated company, had gone out of existence. Presumptively, therefore, the deed was a conveyance to the latter company. The condition in the deed was, that the property should revert to the grantor if work was not commenced on "said road" within two years from the date of the deed. The words "said road" necessarily refer to the line of the company to which the deed was made; and this being the consolidated company, whose line of road was to extend from a point in North Carolina to Atlanta in the State of Georgia, the construction and operation of a portion of its line of railway in the State of North Carolina within the time specified in the deed would be sufficient to prevent a reversion to the grantor. We reach this conclusion without reference to the evidence contained in the record, because, as already shown, the bill of exceptions presents no question which would authorize us to consider the evidence at all.

The decree rendered by the court was fully warranted by the verdict, construed in the light of the pleadings, and the judgment must be　　　　　　*Affirmed.*