CANNON *et al. v.* YOUNG *et al.*

1. When a bill of exceptions assigning as error the granting of a new trial and also rulings made at the trial, of which no complaint is made in the motion for a new trial, was tendered more than twelve months after the trial took place, no exceptions *pendente lite* to such rulings having been filed, they cannot be considered by this court.

2. Where lands were sold under the act of December 22, 1827 (Dawson's Compilation, pp. 266, 267), and fully paid for, but no grant for the same was issued, and afterwards the same lands were sold under the act of December 30, 1847 (Cobb's Digest, p. 707), and grants issued to the purchaser, the latter act being unconstitu-

tional in so far as it authorized the sale of these lands, the grants issued by virtue thereof were void and conveyed no title. The only title of one of the plaintiffs being grants of this kind, and the other plaintiff claiming under him, the verdict in their favor was contrary to law, and the court did not err in granting a third new trial.

July 19, 1893. By two Justices.

Complaint for land. Before Judge WELLBORN. Rabun superior court. September term, 1892.

W. L. MARLER and W. S. PARIS, for plaintiffs.
POPE BARROW, by brief, for defendants.

SIMMONS, Justice.

1. Various rulings by the court at the trial were complained of in the bill of exceptions. They were not, however, made grounds of the motion for a new trial, and as the bill of exceptions was not tendered until more than one year after the trial took place, and no exceptions *pendente lite* were filed, this court cannot now consider the errors assigned in those rulings. *Lester* v. *Ga., Car. & Northern Ry. Co.*, 90 *Ga.* 802. Consequently, the only question presented for our determination is that which is indicated and passed upon in the second head-note.

2. According to the principle of *Winter* v. *Jones*, 10 *Ga.* 191, and *McLeod* v. *Bozeman*, 26 *Ga.* 178, the act of 1847 was unconstitutional in so far as it authorized the sale of lands which had already been sold under the act of 1827 and fully paid for. The fact that grants had not been issued upon sales made under this act did not invalidate the title of the purchaser, if in fact the entire amount of the purchase money had been paid. The certificates introduced in evidence in the present case showed that the entire purchase money of one of the lots had been paid, and all the purchase money of the other had also been paid except thirty-seven cents which the certificate states was deducted on

account of payment in advance. The lands were sold upon terms requiring that one fifth should be paid cash, and the balance in four equal annual installments; but section eleven of the act last mentioned provides that any legal holder of any certificate issued under that act shall be authorized, on paying into the treasury of the State the full amount of the purchase money, to have the interest of the amount unpaid deducted from the original amount. The lot in question was sold for $4.10. The cash payment of 82 cents was made, and the balance of $3.28 was settled by the payment of $2.91, on the 30th day of November, 1829. This latter amount, put at interest at eight per cent., which was then the legal rate, would have about produced the full amounts due upon the several remaining installments of 82 cents each at the times they respectively matured. The acts of 1827 and 1847 referred to are designated in the head-note.			*Judgment affirmed.*