Burket, J.
Section 1754 of the Revised Statutes provides as follows:
“In case of the death, resignation, disability, or other vacation of his office, the council may, by the vote of a majority of all the members elected, appoint some suitable person within the corporation to act as mayor, and discharge the duties of the office until the vacancy is filled, or the disability removed: Provided, that at the next annual municipal election occurring more than thirty days after such vacancy, a mayor shall be elected for any unexpired term, unless the disability is of a temporary character.”
The election was held on the third day of April, 1893. If a vacancy in the office occurred on the first day of March, then the April election occurred more than thirty days after such vacancy, and the election of Mr. Burrell was valid; but if the vacancy did not occur until the resignation was accepted on the 7th day of March, then the vacancy occurred less than thirty days before the April election, and in 'such case the election of Mr. Burrell would be void.
The date at which the vacancy occurred depends upon the question whether the delivery of the resignation to the council to take effect March 1st, caused a vacancy on that day, or whether the va *78 caney occurred upon the acceptance of the resignation on the 7th day of March. It seems to he well settled in England and at common law, that a resignation of an office does not take effect, so as to create a vacancy, until accepted by the proper authority. Hoke v. Henderson, 4 Deveraux, (N. C.), 29; Rex v. Mayor of Rippan, 1 Lord Raym. 563; Reg. v. Lane, 2 Lord Raym. 1304; Edwards v. United States, 103 U. S. 471; State v. Clayton, 27 Kansas, 442; State ex rel. Reeves v. Ferguson, 31 N. J. L. 107; City of Waycross, v. Youmans, 85 Ga. 708; State ex rel. v. Boecker, 56 Mo. 19; Badger v. U. S. ex rel., 93 U. S. 599; People v. Sup. Barnett Tp., 100 Ill. 332; Jones v. City of Jefferson, 66 Tex. 576.
The common law prevails in this state in so far as it is fairly' applicable to our institutions and manner of living, unless abrogated or modified by statute. So that the real question in this case is, whether the common law rule as to resignations shall govern in this state, or whether that rule has been abrogated by our legislation, or is inconsistent with our institutions. That there is no statute expressly changing the common law in this respect seems clear; but it seems difficult, if not impossible, to reconcile our various statutes with the common law rule. The doctrine of the common law is that an officer has not the absolute right at his own pleasure to resign his office; that the public are interested as well as the individual incumbent; that an acceptance is necessary to perfect a resignation ; and that the public have the right to command the services of any citizen in any official position which they may designate.
This common law doctrine seems inconsistent with our statutes as well as with our practical treatment of official positions.
*79 Section 1449, Revised Statutes, which imposes a ' fine of two dollars on a person for neglecting or refusing to serve in an office to which he has been •elected or appointed under chapter two of title eleven, recognizes the power, if not the right, of a citizen to refuse to hold such office.
Section 19, Revised Statutes, provides, that a person who is elected or appointed to an office, and fails to give bond, shall be deemed to have refused to accept the office, and the same shall be considered vacant.
Section 556 provides, that a judge failing to transmit a certificate of his having taken the oath required by the constitution and statutes within the time required by law, shall be deemed to have refused the office, and it shall be considered vacant.
Section 557 provides, that in case a judge of the supreme court removes his residence out of this state, or a circuit judge out of his circuit, or a common pleas judg’e out of his subdivision, or a judge of a superior court out of his county, he shall be considered to have resigned and vacated his office, whereupon the vacancy shall be filled according to law.
No acceptance of such resignation seems to be contemplated, and certainly none is provided for.
Section 843 provides, that the absence of a county commissioner from his county for six months, shall be deemed a resignation of his office; and section 1715 provides that the removal of a municipal officer beyond the limits of the corporation, shall be deemed a resignation of his office. In such .case there can be no acceptance of the resignation.
Section 570 provides, that all resignations of justices of the peace shall be made to the clerk of *80 the court of common pleas, and the justice so resigning shall at the same time give notice to the township clerk, who shall within three days notify the township trustees, who shall proceed as in other cases of vacancy.
By this section all steps toward filling the vacancy begin with the resignation to the clerk, and nothing is said about an acceptance of the resignation. At the same time of the resignation the township clerk is to be notified. Within three-days thereafter the trustees are to receive notice, and they are then to proceed as in other cases of 'vcir candes. Here is a clear recognition that the vacancy is produced by the resignation alone, without an acceptance by the clerk, or any one else.
Section 1952 provides, that a policeman shall not resign unless he gives two weeks’ notice thereof in writing, under penalty of forfeiting all pay due him. ' This section recognizes the right of a policeman to resign at once and without notice, by forfeiting the pay due him. At common law no such-statute would be necessary, because the same object could be attained by simply refusing to accept his resignation.
Section 37 provides, that the resignation of a-senator or representative, which is tendered during any session of the general assembly, shall not. take effect until the branch of which the person tendering it is a member, has accepted the same-by a vote of a majority of the members elected to-such branch, exclusive of the person tendering his. resignation.
The provision in this section, that the resignation shall not take effect until accepted, recognizes the law to be, that but for such provision the resignation would take effect at once.
*81 It is therefore clear that the legislature has had its attention called to this subject, and has seen fit to provide that as to members of the general assembly only, shall an acceptance be required to give validity to a resignation.
In cases of assignees (Sec. 6337), executors and administrators (Sec. 6015), guardians (Sec. 6274), commissioners of insolvents (Sec. 6360), and trustees of insolvent estates (Sec. 6334), provisions are made for the acceptance of resignations, but nowhere is any provision made for the acceptance of the resignation of an elected officer, except members of the general assembly.
By the statutes referred to, a clear intention is evinced that acceptance shall - not be necessary to the validity of a resignation, except as to members of the general assembly, and persons appointed to certain positions of trust, and these exceptions only tend to make more clear the intention. These statutes also show that office-holding is not regarded as compulsory in this state. It is, therefore, clear, that the common law rule as to accept-' anee of resignations, has been abrogated in Ohio, to the extent at least of authorizing the filling of the vacancy.
In many of the states, it is held, that a resignation of an officer takes effect 'at once without acceptance by any one, and that the holding of office is not compulsory. This is said to be the modern doctrine on this subject. U. S. v. Wright, 1 McLean, 509; McCreary on Elections, section 270; People v. Porter, 6 Cal. 26; State v. Clarke, 3 Nev. 566; Olmsted v. Dennis, 77 N. Y. 378; State v. Mayor, 4 Neb. 260; Bunting v. Willis, 27 Gratt. 144; S. C., 21 Am. R. 338; State v. Hauss, 43 Ind. 105; Gilbert v. Luce, 11 Barb. (N. Y.) 91; Leech v. State, 78 Ind. 570.
*82 Iii this last case, Leech v. State, a school trustee on March 1, 1880, presented his resignation of that date to take effect from and after March 5 of the same year. On the same first day of March a successor was appointed to fill out the unexpired term of the resigning trustee. In a contest over the office it was claimed that the appointment was void, because it was'made on March 1, when the vacancy did not occur by the terms of the resignation until from and after March 5. The court held, that the resignation made the office so far vacant on March 1, as to give jurisdiction to appoint a successor to fill out the unexpired term, the appointee’s term to begin from and after March 5.
The policy of the state, as shown by our statutes, favors the filling of vacancies in office by election as soon after a vacancy occurs as is consistent with proper care and consideration on part of the public. A proper regard for the rights of the people requires that it shall not be in the power of any officer, or body of men, to refuse to accept a resignation, and thereby prevent an election at the proper time to fill the vacancy. Such power, if conceded to exist, might tempt a partisan officer to delay the acceptance of a resignation until too late to fill the vacancy at the succeeding election, and thereby lengthen, by one year, the term of office of his own appointee. More harm is to be feared from this source, than from a hiatus in office, an event not likely to occur in this state where men able and willing to fill office are so' numerous.
The responsibility of a hiatus in office, should rest upon the person or body holding the appointing power, rather than upon the resigning» officer. If the appointing power properly performs its official duties, no harm is to be feared from a hiatus in office.
*83 It is, therefore, clear, on principles of public policy, as well as a proper construction of our statutes, that acceptance is not necessary to the validity of a resignation, in so far at least as to authorize the filling of the vacancy; and that the resignation in question in this case took effect on the first day of March, 1893, so as to create a vacancy which could be lawfully filled at the following April election.
What the rights of the public, or the duties of the resigning officer, may be for the protection of public interests and property from the date of the resignation to the filling of the vacancy, is not involved in this case, and need, not now be decided. Should any danger be apprehended from that source, the proper remedj^ can be supplied by the law-making power.
The judgment of the circuit court is

Affirmed.