BATCHELOR, next friend, *v.* BORN.

No. 9586. NOVEMBER 16, 1933.

*W. B. Smith,* for plaintiff in error. *W. S. Mann,* contra.

RUSSELL, C. J. An execution in favor of W. H. Born against B. W. Batchelor, administrator of estate of W. H. Batchelor, deceased, was levied upon described real estate in McRae, Georgia, as property of estate of W. H. Batchelor and found in possession of said administrator. Ed Batchelor, as next friend of Maud and Brady Batchelor, minor children of W. H. Batchelor, filed a statutory claim to the land. Upon the trial, after the plaintiff had introduced the fi. fa. with entry of levy, the claimant introduced testimony identifying the land levied on as the property of the de-

ceased whereon he resided at his death, and a deed conveying to the deceased the property here involved. He offered in evidence a certified copy of proceedings in the court of ordinary of Telfair County, setting apart the property in question as a year's support for the minors. The plaintiff objected to the introduction of these proceedings, on the ground that no plat of the property set apart was attached thereto. The court sustained this objection, and thereafter directed a verdict in favor of the plaintiff. The claimant made a motion for a new trial on the general grounds, and on the grounds that the judge erred in refusing to admit in evidence the year's support proceedings, and in directing the verdict. The copy of the rejected documentary evidence was not included in the ground of the motion, or attached as an exhibit. The motion for new trial was overruled. In the bill of exceptions the return of the appraisers setting apart the property in question as a year's support to the minors of W. H. Batchelor is set out, and there is attached to the bill of exceptions as an exhibit the entire proceedings in the court of ordinary relating to this award. The assignments of error in the bill of exceptions are that "the court erred in the trial of said case in refusing to admit the evidence tendered, and in directing verdict and judgment for plaintiff, and in overruling said motion for new trial on original and amended grounds on each and all [grounds] therein stated."

■ Aside from the general grounds as set forth in the original motion for a new trial, the only amendment to the motion was based on a ruling excluding certain evidence which had been offered upon the trial, to wit: a certified copy of the proceedings by the court of ordinary setting apart a year's support to certain minors, of whom the claimant was next friend. Since the rejected evidence is not set out either literally or in substance in this ground of the motion for a new trial, or attached thereto as an exhibit, this ground is so incomplete that it will not be considered by this court. *Mobley* v. *Russell,* 174 *Ga.* 843 (4), 847 (164 S. E. 190).

■ Even if the evidence referred to above was legally admissible, the court did not err in directing the verdict, because the claimant had not shown any title whatever in the minors for whom he was next friend; and having merely shown title in the defendant by the introduction of a deed to him, this evidence merely strengthened the case of the plaintiff in fi. fa., since there was no testimony tend-

888

ing to show that title was not still in him. In the circumstances a verdict for the plaintiff was demanded.

In the bill of exceptions the plaintiff in error excepted directly to the exclusion of the evidence which was repelled, and completed this assignment of error by setting out the judgment of the court of ordinary in full; but no exception pendente lite to this ruling had been certified by the judge and thereby preserved, and the bill of exceptions was presented more than thirty days after the ruling complained of, and more than thirty days after the motion for a new trial was overruled.

In view of the principles announced above, the court did not err in directing the verdict, or in overruling the motion for a new trial.          *Judgment affirmed. All the Justices concur.*