### SWINDLE v. MATHENEY.

BELL, Justice. This case was referred to an auditor to pass on all questions of law and fact. On the filing of the auditor's report, the main defendant who is now the plaintiff in error moved to recommit the case to the auditor, and also filed exceptions of law and of fact. On February 26, 1935, the court passed an order denying the motion to recommit, and overruling all exceptions to the auditor's report. No exceptions pendente lite were taken. On May 3, 1935, the court entered a final decree in accordance with the rulings and findings of the auditor. On May 31. 1935, the defendant presented a bill of exceptions assigning error on the rulings on the motion to recommit, and on the exceptions to the auditor's report; assigning error also on the final judgment, though the exceptions to this judgment were expressly limited to the errors alleged to have been committed in such antecedent rulings. *Held:*

1. "Exceptions tendered before the final judgment, for the mere purpose of being made a part of the record, shall be certified to be true by the judge, and ordered to be placed on the record. Such exceptions shall be be tendered during the term. If, however, the court shall adjourn within less than 30 days from the date of the ruling complained of, such bills of exceptions pendente lite shall be tendered within 60 days from the date of the order, decision, or ruling complained of." Code of 1933, § 6-905. The order denying the motion to recommit and overruling the exceptions to the auditor's report not having been excepted to pendente lite or otherwise within 60 days, can not be reviewed by this court, and must be treated as conclusive. *City Council of Waycross v. Youmans,* 85 *Ga.* 708 (11 S. E. 865); *Van Pelt v. Home Building & Loan Asso.,* 87 *Ga.* 370 (13 S. E. 574); *Lester v. Georgia, Carolina & Northern Ry. Co.,* 90 *Ga.* 802 (17 S. E. 113); *Miller v. Gibbs,* 161 *Ga.* 698 (3) (132 S. E. 626).

2. Since the exceptions to the final judgment were limited to the alleged errors in the antecedent rulings which can not be reviewed, the bill of exceptions does not show any basis for a reversal.

*Judgment affirmed. All the Justices concur.*

No. 10960. JANUARY 16, 1936.

*Corbitt & Sumner* and *E. R. Smith,* for plaintiff in error.
*Jon P. Knight* and *Wilcox, Connell & Wilcox,* contra.