HICKS, next friend, *v.* ATLANTA TRUST COMPANY, executor.

JENKINS, Justice. 1. As was held on a previous writ of error from a judgment apportioning an auditor's fee, this case on the record there appearing was equitable. *Hicks* v. *Atlanta Trust Co.*, 187 *Ga.* 314 (200 S. E. 301). Under the subsequent pleadings in the present record, the essentially equitable character of the proceeding was not changed, but was confirmed. Therefore the Supreme Court, and not the Court of Appeals, has jurisdiction of this writ of error from a judgment denying a motion "to review, modify, and set aside" the judgment or decree on the merits.

2. The judgment or decree overruling exceptions of law and fact to the auditor's report, and adjudicating the rights of the parties, was entered on January 27, 1938, before the May term of the trial court which adjourned on July 2, 1938. The present bill of exceptions, from the judgment entered on June 6, 1938, denying the motion filed on February 25, 1938, "to review, modify, and set aside" the judgment or decree on the merits merely on account of alleged errors therein, was not tendered until July 20, 1938. There were no exceptions pendente lite to the judgment or decree on the merits. In the absence of any timely exceptions to the rulings on the merits made in the judgment or decree thereon, this court can not consider such questions. See *Batchelor* v. *Born*, 177 *Ga.* 886 (3) (171 S. E. 724); *Swindle* v. *Matheney*, 181 *Ga.* 609 (183 S. E. 625); *Castellaw* v. *Blanchard*, 106 *Ga.* 97 (31 S. E. 801); Code, §§ 6-902, 6-905.

624

3. The only error complained of by any timely exception relates to pendente lite exceptions, not to the merits of the case, but to its reference to an auditor. This exception is without merit, since "in all cases in the superior or city courts, involving matters of account, if the case shall require it, the judge . . may, upon the application of either party, after notice to the opposite party, or upon his motion, when in his judgment the facts and circumstances of any such case require it, appoint an auditor to investigate such matters of account and report the result to the court" (Code, § 10-102), and this power of the court extends to both law and equity cases (Code, § 10-402; *Gormley* v. *Slicer*, 178 *Ga.* 85, 172 S. E. 21; *Guarantee Trust & Banking Co.* v. *Dickson*, 148 *Ga.* 311, 96 S. E. 561; *Burress* v. *Montgomery*, 148 *Ga.* 548 (3), 97 S. E. 538; *Chandler* v. *Merchants & Mechanics National Bank*, 30 *Ga. App.* 694, 118 S. E. 785), and since "the reference of a case to an auditor rests largely in the discretion of the court" (*Teasley* v. *Bradley*, 120 *Ga.* 373, 47 S. E. 925), and since the plaintiffs themselves prayed for an accounting, and the record shows that the case was a proper one for an auditor, and the judge did not abuse his discretion in appointing one on his own motion, irrespective of whether or not, under the pleadings and orders, the cause was one in equity, as held in the previous decision and in the first division of this syllabus, or was one at law, as contended by the plaintiffs in error.

*Judgment affirmed. All the Justices concur.*

No. 12605. JANUARY 12, 1939. REHEARING DENIED FEBRUARY 22, 1939.

*E. L. Douglas,* for plaintiff in error.

*Alston, Foster, Moise & Sibley, Henry J. Miller,* and *Evins, Quillian & Evins,* contra.