COMMERCIAL NAT. BANK OF NEW ORLEANS v. HILLER.

SAME v. CANAL-LOUISIANA BANK & TRUST CO. et al.

In re DREUIL & CO.

(Circuit Court of Appeals, Fifth Circuit. February 23, 1914.)

Nos. 2517 and 2525.

BANKRUPTCY (§ 155*)—PROPERTY—RIGHTS OF THIRD PERSONS.

It was the duty of the bankruptcy court to turn over property in the possession of the bankrupt to a lawful pledgee thereof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 155.*]

Appeal from and Petition to Revise Proceedings of the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Bankruptcy proceeding against Dreuil & Co. On a petition by the Canal-Louisiana Bank & Trust Company, judgment was rendered in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—22

its favor (205 Fed. 568), and the Commercial National Bank of New Orleans appeals and petitions for a revision. Decree affirmed, and petition to revise denied.

Edwin T. Merrick, Walter S. Lewis, Philip Gensler, Jr., and Ralph J. Schwarz, all of New Orleans, La., for petitioner and appellant.

Henry Mooney, John Janvier, J. Blanc Monroe, and Monte M. Lemann, all of New Orleans, La., for respondents and appellees.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. In these cases we find no error in the rulings and opinion of the District Court. The fact that the cotton in dispute was found in the possession of the bankrupts is controlling. On the claims made therefor the duty of the bankruptcy court was to turn it over to the rightful possessor, the Canal-Louisiana Bank & Trust Company, the only lawful pledgee of the same. If the cotton or the warehouse receipts even had been retained by the Commercial National Bank, a different case might have been presented.

The petition to revise is denied. The decree appealed from is affirmed.