Poullain *et al. vs.* Brown, administrator.

---

POULLAIN *et al. vs.* BROWN, administrator.

1. Where the same person was the administrator *de bonis non* of the estate of one decedent, and also the administrator of the estate of a deceased surety on the bond of the former administrator of such decedent, and in the first named capacity brought suit on the bond of the former administrator against the sureties other than the deceased one, a plea which alleged that the defendants were released from liability because the plaintiff, as administrator of the deceased surety, had paid out assets of that estate to the heirs at law, was demurrable. Such payments did not amount to a complete discharge, but if effective as a discharge at all, they were only so *pro tanto.*

(*a*) While suit was brought at law on a bond before such action was barred by the statute of limitations, an equitable bar cannot be set up to defeat it the on ground of *laches* in not suing at an earlier date; and a plea setting up such a defence is demurrable.

(*b*) On a joint and several bond, suit may be brought against one of

80    27
90   596

80    27
94   750

80    27
98   148

80    27
103  276
105  294

80    27
109  312

80    27
e121 130
121  135

the sureties, without joining another with him.

2. While the legislature has power to provide for the appointment of an auditor to take testimony and report thereon, and may prescribe that parties shall not go outside of the report for other evidence than that reported by the auditor, yet, in a case at common law, where a party excepts to an auditor's report on the ground that the finding is contrary to law and the evidence, he has a constitutional right to have the questions of fact submitted to and passed on by a jury; and a legislative denial of that right is unconstitutional. In equity causes, the right of trial by jury is not constitutional but statutory, and a restriction thereof in cases of auditor's reports would be constitutional.

January 30, 1888.

Administrators and executors. Principal and surety. Parties. Auditors. Constitutional law. Practice in superior court. Before Judge JENKINS. Greene superior court. March adjourned term, 1887.

Reported in the decision.

FOSTER & BUTLER, H. D. MCDANIEL, D. B. SANFORD, J. A. BILLUPS, C. HEARD and W. H. BRANCH, for plaintiffs in error.

H. T. & H. G. LEWIS, GEO. D. THOMAS and H. MCWHORTER, *contra*.

BLANDFORD, Justice.

George O. Dawson died in 1864. His brother, L. W. Dawson, was appointed administrator on his estate, but soon thereafter died, and Edward W. Seabrook was appointed administrator *de bonis non* upon the estate. Seabrook discovered that there was a will of George O. Dawson, and his letters of administration were called in, and he was appointed administrator *de bonis non* with the will annexed of George O. Dawson. Upon his first bond as administrator *de bonis non*, he gave as sureties Messrs. Strain, Davis, Poullain and Cody; and upon his second bond he gave the same sureties. Strain, one of these sure-

ties, died, and Brown, the defendant in error in this case, became his administrator; and Seabrook having removed out of the State, Brown was also appointed administrator with the will annexed of George O. Dawson. Brown, as administrator of Dawson, brought two actions charging a *devastavit*, one against Poullain alone, as surety on the second bond; the other against Poullain and Mrs. Ann C. Davis, administratrix of Wm. S. Davis, surety, on the first bond.

The cases were consolidated, and the defendants pleaded (1) the general issue; (2) release of the defendants from liability on the bonds by reason of Brown's paying out to Strain's heirs assets of Strain's estate; (3) an equitable bar to the plaintiff's right of action on account of *laches* in not sooner bringing his suit; (4) that Poullain was released from liability on the second bond on account of plaintiff's failing to sue with him the administratrix of his co-surety. These pleas, except the general issue, were excepted to, and the court sustained the exceptions and ruled them out.

1. We think the court was right in ruling out these pleas. In the first place, the act of Brown, who was administrator of Dawson and also of Strain, in paying out the estate of Strain to Strain's heirs, did not amount to a complete discharge of these sureties. If it was a discharge at all, it was a discharge *pro tanto*.

As to the plea of an equitable bar, no case has been shown us where a court of equity will stop a court of law in a plain suit upon a bond not barred by the statute of limitations. If the plaintiff had been in a court of equity this doctrine of an equitable bar might have been applicable; but in this case, twenty years not having elapsed from the breach of the bond to the bringing of the suit, Brown was rightfully in a court of law, and we know of no right of a court of equity to interpose a bar to the bringing of his suit. No authorities have been shown us, and we have been unable to find any, in support of this plea.

There are cases where a court of equity would attach an equitable bar short of the statute of limitations, but not in a case of this sort. We think, therefore, that the court was right in overruling that plea.

Poullain's plea that he was released in the suit on the second bond by the failure of the plaintiff to sue with him Mrs. Davis, the administratrix of his co-surety, was not a good plea. The bond was joint and several, and the plaintiff had a right to sue Poullain either with or without Mrs. Davis.

2. The great question in the case is this (these pleas being disposed of): The court referred the case to an auditor under the act of October 16th, 1885. The auditor made a report, in which he reported the facts in the case and his conclusions. To this report exceptions were filed. It was excepted that the auditor found contrary to law and the evidence. The court took the report and determined for himself that the auditor did not find contrary to law and the evidence, and having approved the same, thereupon directed a verdict by the jury in accordance with the report. This is excepted to, and is the chief ground of exception in this case. The plaintiffs in error say that this action of the court below deprived them of the right of trial by jury in a case at law. We think so too. While the legislature has the power to provide for the appointment of an auditor to take the testimony and report thereon, yet if his report be excepted to as having been found contrary to the evidence, the evidence must be submitted to a jury. The whole case is then opened up to the jury. And while the legislature may prescribe that they shall not go out of the report for other evidence than that reported by the auditor, (as they do in the act of October 16th, 1885,) yet the jury have the right to take all the evidence reported by the auditor, and to say what is the truth about the matter. If this were not so, the parties would be deprived of the right of trial by jury, and the constitution of the State, which guarantees the right of

trial by jury, would, in such cases, be nugatory and worthless.

In equity cases, it is perfectly competent for the legislature to prescribe the rule which they did prescribe in the act of October 16th, 1885, because the right of trial by jury in equity cases is given by statute, and in such cases is not a constitutional right; but in a case at law, it is the constitutional right of every citizen to have a trial by jury in a proper case made. It is his right to call in a jury to say, from evidence submitted to them, whether he is indebted or not, and the amount of such indebtedness. We feel constrained to give this construction to the act of October 16th, 1885, while adhering to the decision of this court as to equity cases. As to exceptions of law, it is also constitutional, but the exceptions of fact are questions for the jury, and have always been in England and in this country; and the legislature has no power to provide otherwise until the constitution be altered. Upon this ground, therefore, we reverse the judgment of the court below; holding that the court erred in not allowing the defendants (the plaintiffs in error here) to go to the jury on these exceptions of fact, and have the jury determine what their liabilities were, if any, under the evidence in the case.

Judgment reversed.