## GREEN & SUTTON *v.* VALDOSTA GUANO COMPANY.

1. The first six exceptions to the auditor's report are incomplete and insufficient in form.　They do not set out the ruling complained of, or the question, answer, or evidence objected to ; nor do they comply with the requirement of the Civil Code, § 4589, that exceptions " shall clearly and distinctly specify the errors complained of."

2. This not being an equity case, but a suit at law, in which the parties had the constitutional right to a trial by jury, the seventh exception, that the auditor's general finding in favor of the plaintiff was contrary to the evidence, was sufficient in form, and it was error to dismiss the same.

8. While the absence of recitals therein left it uncertain as to whether the bill of exceptions had been presented in time, yet, the judgment complained of having been rendered on October 13, 1903, and the bill of exceptions having been signed on November 12, 1903, it affirmatively appears from the record that the bill of exceptions was tendered in time, and the motion to dismiss is overruled. *Evans* v. *State*, 113 *Ga.* 763.

Submitted June 23, — Decided November 11, 1904.

Exceptions to auditor's report. Before Judge Mitchell. Berrien superior court. October 13, 1903.

The Valdosta Guano Company sued Green & Sutton on a promissory note for $1,831.83 and interest, on which there were certain credits. The defendants, by their plea, set out a list of additional payments for which they claimed credit. Over the objection of the defendants the case was referred to an auditor to pass upon all questions of law and fact. He reported, among other things, (2) that he had overruled the defendants' motion to refer the matter back to the court without a hearing; (3) that he had allowed the plaintiff to amend so as to claim attorney's fees; (4) that he had sustained the plaintiff's demurrer to a specified part of the defendants' plea; (6) that there were objections to questions as leading, on which he had made no rulings, and that they did not affect the merits; (7) that he had ruled out the individual books of Sutton and of Green as incompetent to prove the indebtedness of the guano company; (9) that the defendants objected to questions asked a certain witness, because he used a memorandum made up from books and accounts, but that the witness having testified that he used it only to refresh his memory, and the defendants having introduced the same in evidence, the objection was overruled; (13) that, after hearing the evidence and argument, he found as follows: "I find that the main questions involved are questions of fact. . . I find that the plaintiffs have proved their claim to the satisfaction of the auditor. I therefore find in favor of the plaintiffs on the issues in the case, and against the defendants," for $968.37 principal, besides a specified sum as interest, and ten per cent. "for attorney's fees as liquidated damages as claimed by the plaintiff in their amendment." Attached to the report was a copy of the evidence. The defendants excepted to these findings. The first exception is, "that the second paragraph of the findings of the said auditor's report is error and contrary to law, and that to said

finding defendants except and aver that the auditor should have sustained said motion." The second exception is "to the third paragraph and the finding therein, because the same is contrary to law, as no provision is made for the collection of liquidated damages as attorney's fees; further exception is made to the said finding, because it fails to state what objection was made, and that the said finding is error and contrary to law." The third is "to the ruling sustaining the demurrer to the amendment, as the same is contrary to law." The fourth is "to the sixth paragraph of the finding of the said auditor, as error, because the court allowed leading questions which clearly pointed out and suggested the answers; and because the witness Roberts was allowed to testify from a statement made up by his counsel, and which was in writing, and which was held in the hands of the witness at the time he was delivering his testimony." The fifth is "to the seventh paragraph of the said finding and the ruling therein as being error and contrary to law." The sixth is "to the rulings and findings in the ninth paragraph of the auditor's report, because the same is contrary to laws, evidence, and the rulings of practice." The seventh is as follows: "Defendants except to the 13th paragraph of the auditor's report, so far as the finding of the principal, interest, and costs against defendants, because the same is contrary to law, the evidence, equity and justice." The plaintiff moved to dismiss the exceptions, because they were not separately classified as exceptions of law and fact, and because they do not clearly and distinctly specify the errors complained of. The plaintiff objected to the 7th exception, on the ground that it did not clearly and distinctly point out the errors complained of, was without merit, and could not be passed on by the court either as an exception of law or of fact. The defendants offered an amendment, which was allowed by the court, in which they classified each of the exceptions, designating some as exceptions of law and others as exceptions of fact, and classifying the seventh exception to the general finding in favor of the plaintiff as an exception of law, and also as an exception of fact. The judge struck all the exceptions, on the ground that they "have not been separately classified as exceptions of law or of fact, and do not clearly and distinctly point out the errors complained of, and are without merit, except the 7th exception, which is stricken

on the two grounds first stated, as not being separately classified as an exception of law or of fact, and does not clearly and distinctly point out the errors complained of." He thereupon directed a verdict for the plaintiff, and judgment was entered thereon. The defendants excepted.

There was a motion to dismiss the writ of error, on the ground (among others) that it did not appear from the bill of exceptions that it was tendered within the time allowed by law.

*Hendricks & Harrison,* for plaintiffs in error.
*O. M. Smith,* contra.

LAMAR, J. The fact that the note designated attorney's fees as "liquidated damages" did not deprive the plaintiff of the right to a judgment therefor, if the other conditions for a recovery existed. The first six exceptions were wholly insufficient in form; the assignments of error were not complete in themselves. They did not set out the ruling complained of, or the question or answer or evidence objected to. Under repeated rulings on this subject, the court did not err in striking them.

The complicated character of the issues usually involved in equity cases, together with the fact that evidence applicable to one finding of the auditor may be inapplicable to another, may make it necessary to assign specific error upon his rulings of fact; and this assignment ought to be complete in itself, pointing out what part of the evidence in a voluminous record illustrates the exception taken. . This is an ancient rule of practice, originating in courts that had no juries. Where there is no constitutional right to a trial by jury, the same rule of practice may be prescribed in this State. And this has been done by the provisions of the Civil Code, §§ 4589, 4596. Hence in equity cases, where complaint is made as to an auditor's report on matters of fact, if the chancellor approves the finding of the auditor he disapproves the exception, and the same need not be submitted to a jury. If, however, he disapproves the finding, he approves the exception, and the issue of fact is then submitted to the jury. *Weed* v. *G., J. & S. R.. Co.,* 119. *Ga.* 577 (7, 8, 9). But in actions at law, where the pleadings have raised an issue of fact, both parties have the constitutional right to have that issue passed on by a jury, and this right can not be taken away either by a rule of practice

or an express statute.   Of course the case may break down, and a nonsuit may be granted, or the evidence may be of such a character as to warrant the direction of a verdict.      But where there is an issue raised by the pleadings, and any conflict in the evidence, the case must be submitted to the jury.    And such is the express requirement of the Civil Code, § 4595, in reference to exceptions to an auditor's report in actions at law.    *Weed* v. *R. Co.*, 119 *Ga.* 577 (6).   The auditor's finding of $968.37 was in terms as general as those ordinarily used in a verdict.   Had this been a motion for a new trial on the ground that the verdict was contrary to evidence, it would have been sufficient.    The exception was as definite as the finding, and sufficient in form to entitle the defendants to have all of the evidence submitted to the jury, in order for them to determine whether this general finding of the auditor was sustained by the testimony.   It was therefore error to strike this exception.      See *Poullain* v. *Brown*, 80 *Ga.* 30 ; *Anderson* v. *Blair*, 121 *Ga.* 120.

<div align="center">

*Judgment reversed.    All the Justices concur.*