### 2609.   FORBES *v.* DAVIS.

1. There was no error in striking the motion to recommit the case to the auditor.
2. There was no error in overruling the exceptions of law.
3. It was erroneous to strike the exceptions of fact contending that the auditor's report is contrary to evidence; this being an action at law.

DECIDED JANUARY 24, 1911.

Exceptions to auditor's report; from city court of Floyd county— Judge Hamilton. March 7, 1910.

*George A. H. Harris & Son,* for plaintiff in error.

*M. B. Eubanks,* contra.

POWELL, J. This case, which was an action at law, was referred to an auditor, who filed a report. The plaintiff in error, to whom the report was adverse, filed a motion to rerefer, and exceptions of law and exceptions of fact. The trial judge struck them all and directed a verdict in favor of the defendant in error, in accordance with the findings of the auditor. Neither the motion to rerefer nor the exceptions of law were well taken. It might have been more formal for the court to have overruled the latter, rather than to have sustained the motion to strike, but the effect is the same.

It was error to strike the exceptions to the finding of fact. If the case had been pending in equity, the exceptions would have been insufficient; but in cases at law a general exception that a finding is contrary to the evidence is adequate. *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131 (48 S. E. 984). It is true that under the act creating the city court, in which the case was tried, jury trial is waived unless demanded, but this fact does not render the error of the court's striking the exceptions harmless. It gave the judge the power of himself examining the exceptions on their merits, or, if he so chose, of referring them to a jury, but not the right of striking them and directing a verdict. Cf. *Pelham Mfg. Co.* v. *Powell,* ante, 38 (68 S. E. 519). *Judgment reversed.*