10064.  GUARANTEE TRUST AND BANKING COMPANY *v.* DICKSON.

JENKINS, J.  1.  The Supreme Court having held that this case was an
action at law (148 *Ga.* 311, 96 S. E. 561), the court below erred in
not submitting to a jury the exceptions of fact taken to the auditor's
report.  *Weed* v. *Gainesville Railroad Co.*, 119 *Ga.* 576 (6, 7), 577 (46
S. E. 885) ; *Anderson* y. *Blair*, 121 *Ga.* 120 (48 S. E. 951, 2 Ann. Cas.
165) ; *Griffin* v. *Collins*, 122 *Ga.* 102, 110 (49 S. E. 827).

(*a*) It is insisted, however, by the defendant in error, that notwithstand-
ing the adjudication by the Supreme Court that the case is one of law
and not one in equity, the exception to the refusal to submit the
questions of fact to the jury is not good and can not be considered by
this court, for the reason that no brief of the evidence has been brought
up in the record, and that it does not therein affirmatively appear that
there were any disputed issues of fact in the case, although the exceptions
of fact filed by the plaintiff in error do specify certain portions of the
evidence, and might so indicate; the contention being that the judgment
is presumed to be correct, and that the burden is on the plaintiff in
error to show the contrary, and that, since no brief of the evidence is
embodied in the record, it must be presumed that the evidence of the
defendant in error was uncontradicted in the court below, and there-

fore that the judgment as rendered was demanded. It is the opinion of this court, however, that when exceptions of fact to an auditor's report in an action at law are filed, the court has no power to disallow them and dispose of the case without the intervention of a jury, unless the parties expressly waive their right to trial by jury. Civil Code (1910), § 5141. Thus, assuming or conceding that there is no material conflict in the evidence, and that all of it demands the auditor's finding as made, even then, while the court might, as in other cases, properly direct a verdict, still it has no right in such a case to strike the exceptions of fact and enter up a judgment without the verdict of a jury. *Weaver* v. *Cosby*, 109 *Ga.* 310, 312 (34 S. E. 680).

2. Whether the original contract in writing set out in exhibit "B" to the plaintiff's petition, which, according to its terms, was terminable upon thirty days' notice, could have been modified by parol agreement, as set out in the amendment to plaintiff's petition, so as to render it a contract for a stated term of five years, does not seem to be a material question in this case, so as to render the petition as amended subject to demurrer, since the petition shows that the contract at the time of its alleged surrender to and purchase by the defendant was still of force, and, in the language of the auditor, such alleged alteration "is not a point upon which the decision could turn; it affects but the consideration for the surrender; the thing given up by the plaintiff and acquired by the defendant, and not the contract [of sale or surrender] acquired by the plaintiff. Whether the contract given was for five years, or one terminable at thirty days' notice, as a consideration, it was sufficient."

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 13, 1919.

Exceptions to auditor's report; Fulton superior court—Judge Bell. July 12, 1917.

*Tye, Peeples & Tye, Rosser, Slaton, Phillips & Hopkins, Napier, Wright & Wood,* for plaintiff in error.

*Westmorland, Anderson & Smith, Mark Bolding,* contra.