12063. JOHNSON *et al. v.* CITY OF CAIRO.

JENKINS, P. J. 1. A bill of exceptions must not only assign error upon the interlocutory judgment overruling all objections to an auditor's report and approving the report (*Merchants National Bank* v. *Armstrong,* 107 *Ga.* 479 (1) (33 S. E. 473), but must also assign error upon the final judgment in the case. *Prater* v. *Crawford,* 143 *Ga.* 709 (2 (*a*), 3), 710 (3) (b) (85 S. E. 829). See also *Lyndon* v. *Ga. Ry. & El. Co.,* 129 *Ga.* 353 (58 S. E. 1047). The bill of exceptions here complies with each of these rules, error being assigned not only upon the overruling of the exceptions and the refusal to refer them to a jury, but also upon the final judgment making the report of the auditor the judgment of the court.

2. While, even in an action at law, a judge may strike exceptions as too indefinite to raise any issue of fact for submission to a jury (*Anderson* v. *Blair,* 121 *Ga.* 120, 131 (48 S. E. 951, 2 Ann. Cas. 165), the strictness of the rule in equity cases as to the fullness and completeness of the exceptions (*Brock* v. *Wildey,* 132 *Ga.* 19, 24, 63 S. E. 794) does not obtain in cases at law (*Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131, 134, 48 S. E. 984), and "an exception which distinctly points out the finding of the auditor on a given issue, and then avers that such finding is ' contrary to the evidence,' or ' without evidence to support it,' is sufficiently definite to raise an issue, in a case at law, for determination by a jury." *Anderson* v. *Blair,* supra; *Poullain* v. *Brown,* 80 *Ga.* 27, 28 (2) (5 S. E. 107); *Forbes* v. *Davis,* 8 *Ga. App.* 560 (3), 561 (69 S. E. 1132).

3. This being an action at law, the court below erred in not submitting to a jury the exceptions of fact taken to the auditor's report. *Guarantee Trust Co.* v. *Dickson,* 23 *Ga. App.* 720 (99 S. E. 313), and cases there cited; *Weaver* v. *Cosby,* 109 *Ga.* 310, 313 (34 S. E. 680).

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED JUNE 6, 1921.

Action on bond; from Grady superior court — Judge Wilson. September 23, 1920.

*S. P. Cain,* for plaintiffs in error.

*E. D. Rivers, Jeff A. Pope,* contra.