## 14052, 14087.   CHANDLER v. MERCHANTS & MECHANICS NATIONAL BANK; and *vice versa.*

JENKINS, P. J.   1. The court properly overruled the defendant's motion to strike from the auditor's report all findings of law, based upon the ground that in a case at law as distinguished from one in equity the powers of an auditor are limited to reporting " the result to the court " merely by findings of fact.   Section 5129 of the Civil Code (1910) expressly provides that " in all cases, unless modified by the order of appointment  .  .  the auditor shall have power to  .  .  pass upon all questions of law and fact," and section 5133 further provides that the auditor in his report shall " classify and state his findings, and report his conclusions upon the law and facts."   As plainly indicated by the act of 1894 as amended by the act of 1895, from which these sections are derived, the powers and duties of auditors as thus defined are not limited to proceedings in equity, but extend also to cases at law.   Act of 1894, §§ III, VII (Ga. L. 1894, pp. 123, 124) ; Ga. L. 1895, pp. 47, 48. This manifest legislative intention is in no wise modified by the fact that the subsequent section 5141 (Ga. L. 1895, p. 48; *Johnson* v. *City of Cairo*, 27 *Ga. App.* 125 (3) (107 S. E. 551)) renders it obligatory for the judge in a law case to submit exceptions of fact to the jury.

2. The bona fide holder for value of a promissory note who receives the note before maturity, without notice of any defect or defense, is " protected from any defenses set up by the maker, acceptor, or indorser, except the following: 1. Non est factum. 2. Gambling, or immoral and illegal consideration. 3. Fraud in its procurement." Civil Code (1910), § 4286.   " The receiver in pledge or pawn of promissory notes is such a bona fide holder," except as against the true owner, if fraudulently transferred.   Civil Code, § 3529.   Where such a promissory note is received by the pledgee in the place of one previously taken in pledge, and the older pledged note is surrendered, the pledgee becomes a bona fide holder of the new note upon a present consideration.   3 Ruling Case Law, 1060, 1061.

(*a*) Under the rules stated, in a suit against the maker by a bona fide pledgee of a promissory note payable to the order of the pledgor, the defendant is precluded from setting up that the note had been executed without consideration and merely as accommodation paper.   In the instant case it further appears, from the undisputed evidence before the auditor, that, while the maker did not know the particular person to whom the note would be pledged, it was executed to aid the pledgors' credit, and with actual knowledge that it would be used for such purpose.

(*b*) The duty owed by the pledgee to the pledgor, under section 3535 of the Civil Code (1910), to " exercise ordinary diligence in collecting and securing " promissory notes, was not available to the maker of one of such notes as a defense in this suit by the pledgee.   Moreover, in a valid clause in the contract of pledge embodied in the notes executed by the pledgors to the pledgee, it is " expressly agreed that the holder

hereof assumes no responsibility and will not be held liable for loss or damage, for the failure to present for payment or protest, or to collect or realize upon any of the aforesaid collateral."

(c) It is the general rule that, " in the case of accommodation paper pledged, the pledgee can recover only the amount of the debt due him from the pledgor," rather than the face amount thereof with interest, so as to retain as trustee for the pledgor any surplus remaining after payment of the debt; " but the fact that the holder has other collateral securities for the same debt, more than sufficient to cover it without the accommodation note, also pledged, but which have not been realized so as to extinguish the debt, is no defense for the accommodation maker against the pledgee of the note, though if the debt has been so extinguished the pledgee could not recover." 21 R. C. L. 670; 3 R. C. L. 1061; 31 Cyc. 887 (§ 3).

3. There was no proof whatever of any unlawful preference or transfer in fraud of creditors between the plaintiff pledgee and the pledgors, in contravention of sections 60 and 67 of the Federal bankruptcy act, since the bona fide pledge of the note sued on, taken in lieu of other unquestioned collateral then surrendered, was based upon a present consideration, and did not, so far as the evidence shows, diminish the pledgor's assets; and, consequently, the transfer and assignment of the note to the pledgee, although made within four months of bankruptcy, was not such as to defeat the title thereto of the plaintiff as pledgee.

4. The pledge of the note being valid, and the note having been duly assigned in writing upon the back, the plaintiff thereby acquired the legal title in pledge and a right to sue thereon, which was not defeated by any title or right acquired by the trustee in bankruptcy by virtue of the bankrupt act. Commercial Nat. Bk. v. Hiller, 211 Fed. 337 (128 C. C. A. 16) ; 205 Fed. 568, 572.

5. The defendant excepts to the disallowance of an amendment to his plea, wherein he sets up that the debt owned by the pledgors to the plaintiff pledgee had been paid in full in manner and amounts as particularly alleged. It is contended that, although this amendment was not offered until the trial of the case before the court upon exceptions taken to the auditor's report, it was nevertheless proper and timely, since it merely sought to adjust the pleadings to evidence given before the auditor by one of the bankrupts, with reference to such payments, to which evidence the plaintiff had objected as not conforming to the pleadings. In so far as such amendment was adjusted to the evidence previously offered before the auditor, it appears that while the auditor admitted it " for what it may be worth," and fully considered it in his findings of fact with reference to the balance of indebtedness due, the defendant's contention as to the $4,000 alleged payment rested purely upon the hearsay " understanding " of the witness. Whether or not the amendment was allowable, at the hearing upon the exceptions — not for the purpose of adjusting the pleadings to previously admitted evidence so as to support a judgment or decree appropriate under the evidence, under the recognized rule permitting amendments for such a

purpose (*Lane* v. *Tarver*, 153 *Ga.* 570, 113 S. E. 452, 463; *Cureton* v. *Cureton*, 120 *Ga.* 559 (2), 48 S. E. 162), but for the purpose of adjusting the plea to evidence which had been previously excluded as failing to conform thereto, and thus to render such excluded evidence admissible in the trial — the exception shows no error, but even if the ruling was erroneous, the defendant's rights were not prejudcially affected thereby, inasmuch as the record shows both that the evidence in question was actually admitted and considered by the auditor, and that it rested upon a hearsay foundation, and thus could not have authorized a finding by the jury in favor of the defendant as to such alleged payment.

6. A verdict being demanded for the plaintiff in the amount found by the auditor, the court did not err in directing such a verdict. *Weaver* v. *Cosby*, 109 *Ga.* 310, 312, 313 (34 S. E. 680); *Mitchell* v. *Schmidt*, 123 *Ga.* 418 (4), 420 (51 S. E. 408); *Anderson* v. *Blair*, 121 *Ga.* 120, 131 (48 S. E. 951, 2 Ann. Cas. 165); *Guarantee Trust Co.* v. *Dickson*, 23 *Ga. App.* 720 (1 *a*) (99 S. E. 314); *Turner* v. *Planters Chemical Co.*, 21 *Ga. App.* 480 (3), 483 (94 S. E. 616).

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 24, 1923.

Exceptions to auditor's report; from Banks superior court — Judge W. L. Hodges presiding. September 22, 1922.

*A. J. Griffin, John J. Strickland,* for Chandler.

*W. W. Stark, Shackelford & Meadow, Horace & Frank Holden,* contra.