## 19202. WALKER v. CALHOUN et al., executors.

STEPHENS, J. 1. Where a bill of exceptions excepts to an order sustaining a demurrer to a plea, and it appears that a verdict and judgment were afterwards rendered for the plaintiff, an exception that the plaintiff in error "assigns the verdict as error and contrary to law," constitutes a sufficient exception to the final judgment in so far as it is affected by the alleged error in sustaining the demurrer to the plea. *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (3) (58 S. E. 1047). The motion to dismiss the writ of error is overruled.

2. Where the purchaser of a tract of land, who has conveyed to the seller other property in part payment of the purchase-money and has executed and delivered to the seller purchase-money notes for the balance, refuses, upon the ground that a shortage in the acreage of the land appears in the description of the bond for title, to consummate the trade and accept the bond for title tendered him, and agrees to accept the bond for title in consideration of the seller's promise to credit on the note an amount equal to the alleged shortage in acreage, this agreement constitutes a new contract subsequently made, and, although in parol, is not invalid as varying or contradicting a written contract. In a suit for the full amount of such a note, instituted by the seller against the purchaser, it was error to strike a plea setting up this new agreement as a defense.

3. It appearing, from other allegations in the plea, that the land was bought by the tract and that no actual fraud as respects the number of acres was practiced by the plaintiff, the plea failed to set out any

386

ground for the apportionment of a deficiency in the number of acres or for a rescission of the contract.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1929.

*H. B. Moss,* for plaintiff in error.
*J. S. Reynolds, E. C. Bell,* contra.