26491. PHILIPS, executrix, *v.* MILLER & SONS.

DECIDED MARCH 18, 1938.

*W. C. Little, D. W. Krauss,* for plaintiff in error.
*Albert Fendig,* contra.

BROYLES, C. J. The plaintiff partnership, engaged in business as builders and building contractors, brought suit against Mrs. Philips, as the executrix of the will of her deceased husband, R. L. Philips. The petition alleged that during the lifetime of said Philips, in the year 1928, plaintiffs entered into a contract with him to build for him a dwelling house for the sum of $5250; that, subsequently, plaintiffs made a further contract with Philips to build additions to the house, which additions were not covered by the original contract, and the extra additions "amounted in dollars and cents to $2122.26; that all of said work was done and materials furnished between June 27, 1928, and November 14, 1928, and the house was occupied by Philips and his family during his lifetime;" that Philips died in 1930, but, before that, he

paid to plaintiffs the original contract price of $5250; that defendant, subsequent to her qualification as executrix, paid to plaintiffs "on account of said extras the sum of $1000, which leaves still owing by her to plaintiffs the sum of $1122.26, besides interest; that said sum is still owing and is long past due, and the defendant refuses to pay it." The petition recites that "annexed hereto and marked exhibit A is an itemized statement showing in detail the extra work done, the extra materials furnished, and other items of additional expense as agreed on between plaintiffs and said R. L. Philips, as well as showing the original contract price, the original price being, as shown, $5250, and the extras, as stated, amounting to $2122.26." The defendant in her answer denied owing any sum to the plaintiffs, and prayed damages against the plaintiffs in the sum of $1250 for their alleged failure to perform the work called for in the original contract in a "workmanlike manner" as required by the contract.

When the case was called for trial in the city court of Brunswick, the judge referred it to an auditor. Subsequently, the auditor filed his report setting out his findings of law and of fact; and the defendant filed her exceptions of law and of fact, and also her motion to recommit the case to the auditor. The judge refused to recommit the case, and overruled all of the exceptions of law, except a portion of the twelfth exception, which was sustained; and to those rulings (save as to the portion of the twelfth exception), the defendant excepted pendente lite. The exceptions of fact were submitted to the jury and they found in favor of all but one of them, and the court entered judgment setting aside those findings of fact by the auditor, and rendered judgment in favor of the defendant. Subsequently the court granted a new trial; and by consent of both parties the case was transferred to the superior court of Glynn County. When it was called for trial in that court, the judge passed the following order: "It appearing to the court, upon argument of the oral motion of the plaintiff to dismiss the exceptions of the defendant to the report of the auditor, that said defendant failed to except to the findings of fact of the auditor as follows, to wit: '2. I find that the reasonable value of the extra work so performed to be the sum of $1903.34, for which the defendant is entitled to a credit of $1000. 3. I find that the sum that plaintiff is entitled to recover should

bear interest at 7% from Jan. 1st, 1929;' and that by failing to except to such findings the defendant was thereafter bound and concluded by same. It is thereupon ordered that the said exceptions be overruled and dismissed. It is further ordered that the findings of law and of fact of the auditor, no valid exceptions thereto having been filed in accordance with law, are hereby made the judgment of the court." The court thereupon rendered judgment in favor of the plaintiff for the principal sum of $903.34, plus interest, costs of court, and $90.66 as the auditor's fee; and to that judgment the defendant excepted.

It is well-settled law that while the judge has the exclusive consideration of exceptions of law to an auditor's report (Code, § 10-401), in all actions *at law,* exceptions of *fact* to his report *shall be passed upon by the jury.* Code, § 10-402. In *Guarantee Trust & Banking Co.* v. *Dickson,* 23 *Ga. App.* 720 (99 S. E. 313), the first headnote is as follows: "1. The Supreme Court having held that this case was an action at law (148 *Ga.* 311, 96 S. E. 561), the court below erred in not submitting to a jury the exceptions of fact taken to the auditor's report. *Weed* v. *Gainesville Railroad Co.,* 119 *Ga.* 576 (6, 7), 577 (46 S. E. 885); *Anderson* v. *Blair,* 121 *Ga.* 120 (48 S. E. 951, 2 Ann. Cas. 165); *Griffin* v. *Collins,* 122 *Ga.* 102, 110 (49 S. E. 827). (a) It is insisted, however, by the defendant in error, that notwithstanding the adjudication by the Supreme Court that the case is one of law and not one in equity, the exception to the refusal to submit the questions of fact to the jury is not good and can not be considered by this court, for the reason that no brief of the evidence has been brought up in the record, and that it does not therein affirmatively appear that there were any disputed issues of fact in the case, although the exceptions of fact filed by the plaintiff in error do specify certain portions of the evidence, and might so indicate; the contention being that the judgment is presumed to be correct, and that the burden is on the plaintiff in error to show the contrary, and that, since no brief of the evidence is embodied in the record, it must be presumed that the evidence of the defendant in error was uncontradicted in the court below, and therefore that the judgment as rendered was demanded. It is the opinion of this court, however, that when exceptions of fact to an auditor's report in an action at law are filed, the court has no power to

disallow them and dispose of the case without the intervention of a jury, unless the parties expressly waive their right to trial by jury. Civil Code (1910), § 5141 [1933, § 10-402]. Thus, assuming or conceding that there is no material conflict in the evidence, and that all of it demands the auditor's finding as made, even then, while the court might, as in other cases, properly direct a verdict, still it has no right in such a case to strike the exceptions of fact and enter up a judgment without the verdict of a jury. *Weaver* v. *Cosby,* 109 *Ga.* 310, 312 (34 S. E. 680)." See also *Johnson* v. *Cairo,* 27 *Ga. App.* 125 (2, 3) (107 S. E. 551); *Griffin* v. *Collins,* 122 *Ga.* 102 (7) (49 S. E. 827).

In the instant case, which is an action at law, the judge dismissed the exceptions filed to the auditor's report because of the defendant's failure to except to certain findings of fact by the auditor which the plaintiffs claimed were controlling on all the exceptions filed. Under the facts of the case, it does not appear to us that such failure precluded the defendant from insisting upon the exceptions of fact which she did make to the auditor's report; and, in view of the foregoing decisions, we hold that the exceptions of fact should have been submitted to the jury, and that the court erred in dismissing them; and that error rendered the further proceedings nugatory. As to the overruling of the exceptions of law, we adopt the following language of the Supreme Court in *Griffin* v. *Collins,* supra, and apply the ruling there made to this case: "In view of the fact that the proper determination of the exceptions of law filed by the plaintiff [defendant, here] depends in great measure upon the determination of the issues of fact, which must be submitted to a jury when the case is tried again, it will not be necessary to pass upon the assignments of error . . upon the overruling of those exceptions of law. We will state in this connection, however, that nothing in this opinion is intended to preclude the plaintiff [defendant, here] from urging the same points when the case is tried again. We simply leave the matter open, to be passed upon by the trial judge in the light of the rulings announced in the foregoing." Of course, as to the findings of fact by the auditor which were not excepted to, the defendant is precluded in another trial from filing exceptions to them. Likewise, the refusal of the court to recommit the case to the auditor is no longer a question in the case, since the assign-

ment of error based thereon is expressly abandoned by the defendant's counsel in their brief.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*