35103. GALANTY *v.* KIRK.

Decided October 27, 1954.

26

*Jack B. Smith, Ginsberg & Rose,* for plaintiff in error.
*Noah J. Stone, Joseph J. Fine,* contra.

QUILLIAN, J. ■ (After stating the foregoing facts.) The bill of exceptions having properly assigned error upon the judgment of the court striking the defendant's answer, the defendant in his bill of exceptions sufficiently assigned error on the final judgment in the case in the language set forth in the statement of facts. *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047); *Walker* v. *Calhoun,* 40 *Ga. App.* 385 (1) (149 S. E. 791).

■ The suit was upon a note in the principal amount of $1,850. The answer alleged that he executed a note for $1,875.42 to one Rachelson, who was heavily indebted to the plaintiff; that the $1,875.42 note was endorsed by Rachelson as collateral to the plaintiff; that thereafter the said Rachelson, in order to settle his entire indebtedness to the plaintiff, delivered to him approximately $40,000 worth of merchandise and accounts receivable; that the note of the defendant for $1,875.42 was thereby satisfied; that the plaintiff knew that the note had been executed by the defendant to Rachelson without consideration; and that the plaintiff represented falsely to the defendant that the $1,875.42 note was due and unsatisfied. The answer further set up that the plaintiff admitted to him that he knew that the $1,875.42 was without consideration, and in addition to the representation that the note had not been paid and satisfied, that if defendant would sign the note sued upon, Rachelson would pay to him in merchandise the equivalent of $50 weekly. The answer further relates that this representation was false, and that the plaintiff well knew that he had taken over all of the merchandise and accounts receivable of Rachelson; that Rachelson was a bankrupt, and that he could not furnish merchandise to the defendant. The defendant set up in his answer that he did not know the $1,875.42 had been satisfied, and did not know that he had turned over all of his merchandise and accounts receivable to the plaintiff. The defendant alleges that, in the circumstances above related, he gave to the plaintiff a note for $1,850, which is the note sued upon and $25.42 in renewal of

the $1,875.42 note that he had originally made to Rachelson. The plaintiff filed a general demurrer to the answer, the court sustained it, struck the answer, and the defendant excepted.

The answer was sufficient, though rather loosely drawn, to set up the defense that the note was without consideration. *Jones v. Lawman,* 56 *Ga. App.* 764 (194 S. E. 416).

The plaintiff contends that the accounts receivable that Rachelson delivered to him in payment of his indebtedness due the plaintiff, including the defendant's note, did not constitute payment until they themselves were paid. This is true where accounts receivable are turned over by a debtor to his creditor as collateral security; but, where the accounts are, as the answer alleged is true in this case, sold outright to the creditor in payment of a debt due him by their owner, the creditor can, of course, accept them as full payment for the debt due him; and, in this event, their transfer to the creditor extinguishes the debt due him, whether the accounts are ever collected, and if no fraud or deceit is practiced by the debtor in inducing his creditor to accept accounts owing to the debtor, in satisfaction of the debt he owes to his creditor. The transfer of the accounts would be effective for that purpose, even if they were not collectible. It might be that a creditor would desire to own an account due to his debtor by some relative or friend from whom he would not even desire to collect, and perhaps would well know that from such person he could not collect the account.

The facts alleged in the answer also were sufficient to set up the defense that the defendant was induced by false representations made by the plaintiff to deliver the note sued upon to him. It can not be said that the defendant is barred, under the facts alleged in the answer, from urging the defense that he was fraudulently induced by such false representations to sign the note, by any lack of diligence in the discovery of the fraud. There is nothing in the answer to indicate that there was any reason that the defendant should not have accepted the representations made by the plaintiff as true, or that there was anything to put him on guard as to the plaintiff's sincerity in making them. Ordinarily, in business transactions one has a right to believe another, unless what the latter says is inherently improbable, and a person making a misrepresentation by which

another is defrauded is not in position to maintain that, before accepting the representations as true, the person dealing with him should make investigation as to his veracity.

Lastly, the plaintiff contends that the holding in *Chandler* v. *Merchants & Mechanics National Bank*, 30 *Ga. App.* 694 (2c) (118 S. E. 785), is applicable to the defense in this case. It reads as follows: "It is the general rule that, 'in the case of accommodation paper pledged, the pledgee can recover only the amount of the debt due him from the pledgor,' rather than the face amount thereof with interest, so as to retain as trustee for the pledgor any surplus remaining after payment of the debt; 'but the fact that the holder has other collateral securities for the same debt, more than sufficient to cover it without the accommodation note, also pledged, but which have not been realized so as to extinguish the debt, is no defense for the accommodation maker against the pledgee of the note, though if the debt has been so extinguished the pledgee could not recover.' 21 R. C. L. 670; 3 R. C. L. 1061; 31 Cyc. 887 (§ 3))."

In the case at bar, the defense set up in the answer was not that the plaintiff had received from Rachelson added security for the debt Rachelson owed him, and that the defendant was entitled to be relieved of his obligation to pay the note sued upon simply because of the delivery by Rachelson to the plaintiff of the additional security. What the answer does set up is that the plaintiff had accepted from Rachelson certain merchandise and accounts receivable, not as collateral, but as payment; not to secure, but to extinguish, obligations of Rachelson to the plaintiff, including the note sued upon. The law pronounced in the decision cited is sound, but inapplicable to the issue made by the pleadings in this case.

The answer set up a good legal defense to the action on the note, and the general demurrer was erroneously sustained.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*