35686. Rabun *et al. v.* Wynn, administratrix.

Carlisle, J. At its inception this case was an equitable proceeding, brought by Sarah Rabun Wynn, on March 14, 1951, as administratrix of the estate of J. Carl Rabun, who died September 27, 1949, against Maude, Mae, and Belle Rabun. It was alleged in the petition that the defendants were wrongfully in possession of, claiming, and converting to their own use a stock of merchandise, furniture, and fixtures, known as "Rabun's 5 & 10 Cent Store," which belong to the estate of the plaintiff's intestate. The petition sought process, injunctive relief, the appointment of a receiver, an accounting for goods sold subsequently to Rabun's death, possession of the assets of the store, and general relief. On April 10, 1951, the trial court refused the injunctive relief prayed, and ordered the defendants to continue with the operation of the business and to keep a strict account of operations. At the same time the court ordered that the merchandise, furniture, and fixtures be insured in the name of the plaintiff and the defendants jointly for $20,000. The defendants by their joint answer denied the material allegations of the petition and averred that they had purchased the property sued for from the plaintiff's intestate on February 26, 1936, paying a part of the purchase price of $7,500 at that time and subsequently paying the balance due therefor, the last payment having been made on September 1, 1949, prior to the death of J. Carl Rabun on September 27, 1949. On April 23, 1951, the trial court denied the application for receivership upon condition that the defendant execute an eventual-condemnation-money bond payable to the plaintiff, and overruled the defendants' general and special demurrers to the petition. The trial resulted in a verdict for $6,481.25 in favor of the plaintiff, which on appeal to the Supreme Court, was reversed for errors occurring during the course of the trial. See *Rabun* v. *Wynn*, 209 *Ga.* 80 (70 S. E. 2d 745). From briefs of counsel, it appears that the second trial resulted in a verdict for the defendants, which was reversed by the trial court. The third trial resulted in a mistrial. On April 26, 1954, the trial court passed an order that the facts and circumstances of the case were such that the case would be referred to an auditor, and that, if counsel had not agreed upon an auditor by May 8, 1954, the trial court would appoint one. On May 8, 1954, the defendants made a motion that the trial court vacate its order for the appointment of an auditor. The motion was overruled and error is assigned upon that judgment. On May 20, 1954, the trial court appointed an auditor. It was stipulated that the transcript of the record of the trial at the April term 1953 should be used by the auditor in his determination of the issues, and it was also stipulated that the testimony of certain other witnesses should be reduced to writing and used as evidence before the auditor. On June 17, 1954, the plaintiff amended her petition by reciting that an eventual-condemnation-money bond of $15,000 had been filed by the defendants, and alleging that she was entitled to recover a money judgment against the defendants and the bondsman for the value of the merchandise and fixtures as of the time of the death of J. Carl Rabun, her intestate. This, according to *Rabun* v. *Wynn*, 211 *Ga.* 446 (86 S. E. 2d 305), in which the Supreme Court transferred the case to this court, eliminated all equity and pray-

ers for equitable relief. The case was, consequently, heard before the auditor as one of law. On September 28, 1954, the auditor filed his report, in which he found title to the property to be in the plaintiff and in which he set its value at $7,265.20. On October 14, 1954, the defendants filed exceptions of fact to the report of the auditor and moved that the exceptions be referred to a jury for determination. The trial court overruled the exceptions, struck them as insufficient, and made the report of the auditor the judgment of the court. The defendants have excepted also to each of those rulings.

1. In transferring this case to this court, the Supreme Court held that the amendment of June 17, 1954, filed 27 days after the case had already been referred to an auditor on May 20, 1954, eliminated all equity and prayers for equitable relief from the case and converted the case into one involving solely a question of law. If the case did not become one of law until the filing of the amendment, the inference is demanded from the ruling of the Supreme Court that, at the time the case was referred to the auditor, it was still one involving equity in some respect. While error is assigned upon the reference of the case to the auditor at that time, and this court would ordinarily not have jurisdiction to pass upon the question of referring matters to an auditor in an equitable proceeding (*Hicks* v. *Atlanta Trust Co.*, 187 *Ga.* 623, 1 S. E. 2d 669), it seems to us that the only equitable prayer remaining in the case at the time it was referred to the auditor was the prayer asking for an accounting for the merchandise, furniture, and fixtures disposed of by the defendants during the years subsequent to the death of the plaintiff's intestate. If we construe aright the Supreme Court's decision transferring the case to this court, the amendment excised the prayer for an accounting altogether, and the only questions left for determination were title to the property and its value at the time of the death of the plaintiff's intestate. Had this been the status of the pleadings at the time the case was referred to the auditor, its reference to the auditor would clearly have been error. Simple questions of title to and value of chattels are not referrable to auditors in cases either at law or in equity. *United Bonded Warehouse* v. *Jackson,* 207 *Ga.* 627 (63 S. E. 2d 666). However, at the time the case was amended on June 17, 1954, the accounting feature was excised, and it became a simple case at law, the defendants made no motion to withdraw the case from the auditor and to submit it to a jury, and in view of their failure to do so, and consequently upon the Supreme Court's transferring the case to this court, we must hold that their exception to the reference of the case to the auditor was waived and is moot, as the questions before the auditor had been resolved into simple questions of law involving no question of accounting.

2. "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury when approved by the judge." Code § 10-402. This section has been construed to mean that all proper exceptions of fact to a report of an auditor in law cases must, as a matter of constitutional right, be referred to a jury. *Green & Sutton* v. *Valdosta Guano Co.,* 121 *Ga.* 131, 134 (48 S. E. 984); *Weed* v. *Gainesville, Jefferson &c. R. Co.,* 119 *Ga.* 576 (46 S. E. 885).

3. "It is erroneous to strike, on the ground that it is too general and indefinite, an exception of fact to an auditor's report, in a case at law, which assigns a specified finding of the auditor as being 'contrary to evidence,' or 'without evidence to support it.'" *Anderson* v. *Blair,* 121 *Ga.* 120 (5) (48 S. E. 951, 2 Ann. Cas. 165); *Johnson* v. *City of Cairo,* 27 *Ga. App.* 125 (107 S. E. 551), and citations.

4. Under an application of the foregoing rules of law as set forth in divisions 2 and 3 hereof to the facts of the present case, the trial court erred in overruling and striking the defendants' exceptions of fact to the report of the auditor and in making the auditor's report the judgment of the court. Each of the defendants' four exceptions of fact to the auditor's report specifically designates the finding of the auditor complained of and alleges that such finding is contrary to the evidence and without evidence to support it. It is obvious that the trial court was led into this error because he as well as counsel for both sides at the time of his ruling regarded the case as one in equity. Had the case been in equity, the ruling would have been correct, as in equity cases an exception to an auditor's report which requires for its determination a consideration of some part or parts of the brief of evidence is incomplete where the evidence necessary to be considered is not incorporated therein or attached thereto (*Brock* v. *Wildey,* 132 *Ga.* 19 (3), 63 S. E. 794) in the same manner as special grounds of a motion for new trial; but in law cases error may be assigned in the same manner as in the general grounds of a motion for new trial. *Anderson* v. *Blair,* 121 *Ga.* 120 (5) (48 S. E. 951); *Johnson* v. *City of Cairo,* supra. This error cannot be held to be harmless under *Mason* v. *Commrs. of Roads & Revenues for DeKalb County,* 104 *Ga.* 35 (2) (30 S. E. 513), because a careful examination of the evidence before the auditor contained in the brief of evidence in this record—which under Code § 10-405 is the evidence for the consideration of the jury on exceptions to findings of fact—discloses that this evidence authorizes but does not demand the finding of fact determined by the auditor.

The judgment of the trial court referring the case to an auditor is affirmed. and the judgment overruling and striking the defendants' exceptions of fact to the report of the auditor and making the auditor's report the judgment of the court is reversed.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 15, 1955.

*Robert D. Tisinger, William J. Wiggins,* for plaintiff in error. *Boykin & Boykin, Shirley C. Boykin, Oscar W. Roberts, Jr.,* contra.