19699. SIMONTON CONSTRUCTION CO. *et al. v.* POPE *et al.*

Argued May 14, 1957—Decided June 10, 1957—Rehearing denied July 3, 1957.

*Robert D. Tisinger, William J. Wiggins,* for plaintiffs in error. *Shirley C. Boykin, D. B. Howe, Guy Parker, Harry S. McCowen, A. B. Parker,* contra.

DUCKWORTH, Chief Justice. ■ Defendant in certiorari Pope has filed a motion in this court that we review and overrule the decision in *Simonton Construction Co.* v. *Pope,* 212 *Ga.* 456 (93 S. E. 2d 712), and that we, acting under powers conferred by the Constitution, Code (Ann.) § 2-3704, require the entire record in this case be transmitted to the Supreme Court in order that this court may hear and determine all legal issues in the case. Even if it were not the law of the case, which prevents our overruling the decision referred to, we would not overrule it because it is a sound and correct interpretation of the pleadings and the law. We will not review or decide any questions in this case that have not been brought by the petition for certiorari to this court for review. Therefore, the motion is denied.

■ This is a law case. *Simonton Construction Co.* v. *Pope,* 212 *Ga.* 456, supra. In all law cases exceptions of facts to the auditor's report must be passed on by a jury. Code § 10-402. Indeed the Constitution is clear and explicit in forbidding the denial of the right to a jury trial in such cases. Code (Ann.) § 2-5101. The decisions of this court with equal certainty hold that exceptions of fact to an auditor's report in a law case must be decided by a jury unless the jury trial is expressly waived.

*Poullian* v. *Brown,* 80 *Ga.* 27 (2) (5 S. E. 107); *Hudson* v. *Hudson,* 98 *Ga.* 147 (26 S. E. 482); *Weaver* v. *Cosby,* 109 *Ga.* 310 (34 S. E. 680). This does not mean an implied waiver merely but that there must be an express waiver. *Holton* v. *Lankford,* 189 *Ga.* 506, 518 (6 S. E. 2d 304).

On application of the foregoing law to the present case, a jury verdict on the exceptions of fact is a constitutional prerequisite to a valid judgment, since there is no semblance of a waiver of the jury in this record. There are in the record express written requests for a jury and a judgment of the court overruling them. But the ruling of the Court of Appeals excepted to in the application for the grant of the writ of certiorari is that no error is assigned in the bill of exceptions to the failure of the trial court to submit the case to a jury for this purpose, and that this constitutes a waiver. The ruling of the Court of Appeals is placed squarely upon *Adams* v. *Bishop,* 42 *Ga. App.* 811 (6) (157 S. E. 523). We think that case differs on its facts as stated therein by that court from the facts in the instant case so materially that it is inapplicable here. There no antecedent rulings refusing to refer the exceptions of fact to a jury were excepted to. Here in three specific instances were requests that the exceptions be referred to a jury, and each is brought for review by exceptions thereto in the bill of exceptions. They are: 1. Exception No. 17 in part states, "this court should as a matter of law submit the case to a jury for a determination of the facts; and as a matter of sound discretion, and to the ends of justice, rightfully should sumbit the facts to a jury for determination." 2. Excepting to an amendment of the auditor's report exceptions of fact Nos. 14, 15, 16, and 17 were renewed, and this exception further asserted that, should the court desire the determination of any issue of fact, "the said issue of fact should be submitted by the court to a jury and appropriate judgment rendered based upon the verdict of the jury." The judge overruled these exceptions and an exception to that judgment is taken in the bill of exceptions. 3. Also the final judgment is excepted to on the grounds that it is contrary to law and fact "for the reasons specified in each of the grounds of exceptions 1 to 27 inclusive." Thus it is shown that a jury trial not

only was not expressly waived but was expressly demanded. The error in denying a jury trial is assigned as a reason why the final judgment is contrary to law. Such assignments of error subject the final judgment to review upon the exceptions to the antecedent rulings thus excepted to. *Cheatham* v. *Palmer,* 191 *Ga.* 617 (13 S. E. 2d 674); *Ga. Veneer & Package Co.* v. *Florida Nat. Bank,* 198 *Ga.* 591 (32 S. E. 2d 465); *Gaither* v. *Gaither,* 206 *Ga.* 808 (58 S. E. 2d 834). With the final judgment thus brought under review upon the specific ground that a request for a jury trial was denied, the Court of Appeals erred in ruling that no error was assigned on the denial of a jury trial and that a jury trial was waived. Error is assigned, and it shows reversible error in denying the request for a jury.

■ The next question for our decision is the ruling of the Court of Appeals that a clause in the contract between the owner and contractor, which is as follows, "no claim for service rendered or materials furnished by the contractor to the subcontractor shall be valid unless written notice thereof is given by the contractor to the subcontractor during the first ten days of the calendar month following that in which the claim originated" was a bar to the defense by the contractor to the action by the subcontractor which sought to set off expenditures in conflict with the terms of the clause. The Court of Appeals held that the foregoing clause inured to the benefit of the subcontractor and cited Code (Ann. Supp.) § 3-108. While the subcontract refers to and adopts the portions of the contract between the owner and contractor which set forth the plans and specifications and architect's drawing, it is absolutely silent with reference to the clause here involved. And while the two contracts are separate and independent, and there is no contract between these parties embodying the clause, and hence we think neither Code (Ann. Supp.) § 3-108 nor Code § 20-306 would cause the above quoted clause to inure to the benefit of the subcontractor, yet we think there is another reason why it cannot be the basis for denying all of the setoff of the defendant. The clause does not refer to materials and labor used by the contractor, but it refers only to services rendered and materials furnished by the contractor *"to the subcontractor"* (italic ours).

This record shows beyond question that the setoff claimed is mainly for services rendered and materials furnished by the contractor to himself, and not the subcontractor, in finishing jobs abandoned by the subcontractor before completion. If the defense is true, and it must be so considered in deciding this question, there had ceased to be a subcontractor and the contractor was fulfilling his obligation to the owner to finish the jobs. After the breach of contract by the subcontractor no contractual relationship existed. The amount of the setoff is what the subcontractor lacked of earning the contract price for completing the jobs. He could not lawfully recover the full amount without proving completion of the work. It would be both unjust and unlawful to allow the subcontractor to collect for work and materials he contracted to furnish but failed to furnish. The court erred in ruling that the above quoted paragraph of the contract between the owner and the contractor inured to the benefit of the subcontractor and barred the defendant's setoff.

■ The other and final assignment of error is upon the court's ruling as follows: "Since the pleadings and evidence demanded a finding that Lanier, a third party, was not an assignee of the plaintiff's contract and rights accruing thereunder, and was not in fact understood by the parties to be such assignee, the trial court did not err in either overruling an exception to a finding of the auditor refusing to adjudicate that plaintiff had no right to prosecute the action in his own name, and also in refusing to recommit the case to the auditor on this question." The complaint is that the Court of Appeals here makes a finding of fact which the auditor refused to do and that such finding is incorrect. There is in the record the evidence of a written instrument addressed to this defendant and signed by both the plaintiff Pope and W. I. Lanier, dated July 1, 1954, and containing the following clauses: "you are advised that pursuant to a contract between the undersigned parties, D. G. Pope and W. I. Lanier, dated December 17, 1953 with which you are familiar, it has been apparent for some time that it would be necessary for W. I. Lanier to take over the contract of Pope Plumbing Company with you. [Elsewhere in this letter the contract is shown

to be the one here involved.] Pursuant to the provisions of the contract between the parties; and as of this date W. I. Lanier is taking over that contract and will assure performance of the obligations of Pope Plumbing Company, and all funds accruing for said performance shall be as of this date the property of W. I. Lanier, subject to the terms of said contract, and this action is taken to protect performance of the subcontract and the bond for completion thereof, and to assure application of the contract price to the discharge of material and labor claims. You are notified accordingly." We do not have the testimony of witnesses, or other evidence, and even though it sharply contradicts this writing it could not demand a finding contrary to the provisions of this letter, and therefore, the court erred in so ruling.

For the reasons stated in this opinion the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who is disqualified.*