40800. HENRY v. CENTURY FINANCE COMPANY, INC.

HALL, Judge. This was a suit on a contract, which was referred to an auditor who made findings of fact favorable to the plaintiff. The defendant filed exceptions to the auditor's report. The trial court overruled the exceptions of law and referred the exceptions of fact to the jury, and after a hearing of the evidence the court ruled that the auditor's findings of fact were supported by no evidence, and recommitted the matter to the auditor for the taking of additional testimony. Thereafter, the parties appeared before the court and, neither party desiring to present any further evidence, the court directed a verdict for the defendant. The plaintiff assigns error on this judgment and on the antecedent ruling on the sufficiency of the evidence. *Held:*

1. The plaintiff's documentary and other evidence fails to ex-

plain how the auditor arrived at the sum found to be due to the plaintiff. The documentary evidence, exhibits entitled "Account—Due Bills and Dealers Reserve—Henry Motors," was not supported by testimony identifying the documents as required by the Uniform Business Records Act, *Code Ann.* § 38-711. *Walburn v. Taunton*, 107 Ga. App. 411 (130 SE2d 279). It was without probative value. *Eatonton Oil &c. Co. v. Greene County*, 53 Ga. App. 145 (185 SE 296). The trial court did not err in ruling that the auditor's findings were not supported by evidence and in directing a verdict for the defendant.

2. The statute authorizing the superior courts to refer cases to auditors, *Code* §§ 10-101, 10-102, 10-402, as construed in previous decisions, requires a jury verdict upon the evidence when exceptions of fact are filed to an auditor's findings in any law case. *Philips v. Miller & Sons*, 57 Ga. App. 561, 564 (196 SE 276); *Weaver v. Cosby*, 109 Ga. 310, 313 (34 SE 680); *Anderson v. Blair*, 121 Ga. 120, 131 (48 SE 951, 2 AC 165); *Green & Sutton v. Valdosta Guano Co.*, 121 Ga. 131, 135 (48 SE 984); *Haygood v. Smith*, 80 Ga. App. 461, 467 (56 SE2d 310); *Simonton Constr. Co. v. Pope*, 213 Ga. 360 (99 SE2d 216); *Rabun v. Wynn*, 92 Ga. App. 228, 230 (88 SE2d 478); *Douglas-Guardian Warehouse Corp. v. Todd*, 95 Ga. App. 710 (98 SE2d 607). Opinions in *Turner v. North Ga. Fertilizer Co.*, 21 Ga. App. 422 (94 SE 581), and *Turner v. Planters Chemical &c. Co.*, 21 Ga. App. 480, 483 (94 SE 616) appear to be inconsistent but must yield to the above cited decisions of the Supreme Court. In this case the exception that the auditor's findings respecting the sums deposited, accounted for, and due to the plaintiff were conclusions not supported by facts in the auditor's report or in the record of the proceedings, and were contrary to law, was included in the defendant's pleadings under "Exceptions of Law" as well as under "Exceptions of Fact." The trial court nevertheless could not before referring the exceptions of fact to a jury properly rule on the sufficiency of the evidence as a matter of law to support a finding favorable to the plaintiff. Hence we cannot treat the trial court's judgment overruling the defendant's exceptions of law as a final judgment on this issue, which, when not excepted to by the defendant, became final and binding on the court at the subsequent term, as contended by the plaintiff.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 24, 1964—REHEARING DENIED
OCTOBER 19, 1964.

*Franklin B. Anderson,* for plaintiff in error.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas E. Joiner,* contra.